## Margaret Evans, Appellant, *v.* Benjamin Taylor.

*Vendor and vendee—Executory contract—Streets.*

While an existing street upon a lot, or the mere liability to have a street opened upon it, is matter of which a purchaser is bound to take notice, and therefore, on that account, he cannot defend against an action for the purchase money after the deed has been accepted, the case is different when the contract is executory and no act has been done by the purchaser in affirmance of the contract.

*Vendor and vendee—Executory contract—Deed—Covenant against incumbrances—Streets.*

In an action of assumpsit to recover the purchase price of real estate which the plaintiff agreed to sell to the defendant free from all incumbrances, it appeared that at the time of the agreement a street was laid out through the land on the city plan, and that within the limits of the street certain buildings had been erected. Under the act of April 3, 1851, P. L. 327, no damages could be recovered for the loss of these buildings by the opening of the street, because they had been erected after the street was laid out and plotted on the city plan. As the contract was executory, and nothing had been done by the defendant in affirmance of it, and as the land could not be conveyed to the defendant free of incumbrances, the plaintiff was not entitled to recover.

*Vendor and vendee—Covenant against incumbrance—Notice.*

Where a vendee in an agreement for the purchase of real estate protects himself by positive covenant that there shall be no incumbrance on the title, evidence that the vendee knew of incumbrances is immaterial.

Argued March 26, 1896.   Appeal, No. 222, July T., 1895, by plaintiff, from judgment of C. P. No. 2, Phila. Co., December Term, 1892, No. 537, on verdict for defendant.   Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Assumpsit to recover purchase money of real estate.   Before PENNYPACKER, P. J.

The facts appear by the opinion of the Supreme Court.

At the trial the court excluded under objection and exception evidence to the effect that the defendant knew that Hilles street which was then unopened was on the city plan, and that the houses on the property were within the limits of the street and had been built after the street had been laid out. [1, 2]

The court charged in part as follows:

[I instruct you that this street upon the city plan was an incumbrance upon this property, and, therefore, Benjamin Taylor was not required to carry out the agreement. The act of assembly provides that where a street is upon the plan, if houses are erected afterwards upon the line of the street, there can be no recovery for damages against the city for the erection of those houses. So that would be a serious disadvantage to the owner of the property. He does not get what he undertook to purchase, a property clear of incumbrance, since there was an incumbrance or something which would prevent him from building upon a certain portion of the lot. For these reasons I instruct you that this did constitute an incumbrance, and therefore the plaintiff in this case was not in a position to carry out the agreement which had been entered into of conveying the property clear of incumbrance.] [3] I hope I make it plain to you.

Benjamin Taylor had paid upon that contract $50.00; that he is entitled to recover. [In this case you will find for the defendant, with a certificate of $50.00 in favor of the defendant.] [4]

Verdict and certificate for defendant for $50.00. Judgment was entered on the verdict. Plaintiff appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3, 4) above instructions, quoting them.

*J. Howard Morrison*, for appellant.—It was error for the trial judge to find as a matter of law that the placing of Hilles street upon the confirmed plan of the city passing through the real estate was an incumbrance: 10 Am. & Eng. Ency. of Law, 361; 2 Greenleaf's Evidence, par. 242; Bailey v. Miltenberger, 31 Pa. 41; Ake v. Mason, 101 Pa. 17; Gratz v. Ewalt, 2 Binn. 95; Whitehill v. Gotwalt, 3 P. &. W. 303; Dorsey v. Jackman, 1 S. & R. 50; Funk v. Voneida, 11 S. & R. 111; Knepper v. Kurtz, 58 Pa. 484; Shaffer v. Greer, 87 Pa. 370; Patterson v. Arthur, 9 Watts, 152; Harrisburg, etc. R. R. v. Peffer, 84 Pa. 295; Memmert v. McKeen, 112 Pa. 319; Dobbins v. Brown, 12 Pa. 75; Wilson v. Cochran, 46 Pa. 229; Peck v. Jones, 70 Pa. 83.

If the existence of a street was either an incumbrance upon

the physical condition of the property or merely a circumstance affecting its physical condition, the fact that it was confirmed and upon the city plans is notice: Bailey v. Miltenberger, 31 Pa. 41; Ake v. Mason, 101 Pa. 21.

*William H. Peace*, for appellee.—In considering Mrs. Evans' case it is necessary to note that the contract on which she claims to recover damages from Taylor is an executory one.

Such an action is a substitute for a bill in equity for specific performance: Herzberg v. Irwin, 92 Pa. 48; Nicoll v. Carr, 35 Pa. 302; Lesley v. Morris, 9 Phila. 110. Appellee contends that if Mrs. Evans was not entitled to specific performance, she could not recover in this action: Bank v. Alexander, 3 Cent. Rep. 388; Swayne v. Lyon, 67 Pa. 437; Nicoll v. Carr, 35 Pa. 302; Anders' Est., 5 W. N. C. 78; Leslie v. Morris, 9 Phila. 110. Where there is a serious doubt as to the meeting of the minds, equity will not decree performance: Cartelyou's App., 102 Pa. 576; Herman v. Somers, 158 Pa. 424.

The authorities and text-books are to the effect that notice to bind in law must be given by a person interested in the property and in the course of the treaty for the purchase: 3 Sugden on Vendors, p. 451; Kerns v. Swope, 2 Watts, 75; Boggs v. Verner, 6 Watts & Serg. 469; Peebles v. Reading, 8 S. & R. 484; Hottenstein v. Lerch, 104 Pa. 454.

OPINION BY MR. JUSTICE GREEN, October 5, 1896:

It was agreed upon the trial that Hilles street, between Frankford avenue and Thomas street, was laid out on the city plan as a public street forty feet wide, and was confirmed, in 1858. It was never opened, and at some time after it was laid out, and before the title of Mrs. Evans accrued, certain buildings were erected on the front of the lot, and upon the part of it which was the bed of Hilles street. This was the situation of the property when Mrs. Evans contracted to sell it to Taylor. Under the act of April 3, 1851, P. L. 327, no damages could be recovered for the loss of these buildings by the opening of the street, because they were erected after the street was laid out and plotted on the city plan. The contract of sale by Mrs. Evans to Taylor, as expressed in the receipt for $50.00 of the purchase money, was that the property was to be " clear of

all incumbrances;" and the question is whether the right of the city to open the street without paying any damages for the buildings which were on the lot and within the bed of the street, was an incumbrance so as to constitute a breach of the condition against incumbrances contained in the receipt.

So far as the offers of testimony to show knowledge of the incumbrance on the part of Taylor are concerned, we think they were immaterial because he protected himself by a positive covenant that there was to be no incumbrance on the title and he would therefore be entitled to the benefit of his contract, whether he had knowledge of an incumbrance or not. It is also to be borne in mind that the contract was executory and not executed, and the case therefore involves the question whether the contract is to be enforced against the will of the purchaser. That the purchaser, if obliged to take the title, will or may suffer a serious detriment, is very manifest from the consideration that the buildings on the lot naturally constituted a large part of the value of the property. If these may be taken from him without compensation, he has no equivalent for their loss in a reserved right to have damages for the taking. He is therefore by that much a direct loser upon the terms of his contract as it was made, and presumably he would not have made it. But whether he would or would not have made it, if he had had knowledge of the contingency, he saw proper to stipulate for a title free of any incumbrance, and that feature of his contract cannot be rejected without altering the contract itself. This, equity will not do, even when the title is clouded only, because specific performance is matter of grace and not of strict right. But when a positive term of the contract must be disregarded, neither equity nor law will interfere where the contract is executory. These considerations eliminate much of the discussion, and distinguish the present contention from the authorities relied upon for the appellant. While an existing street upon a lot or the mere liability to have a street opened upon it is matter of which a purchaser is bound to take notice, and, therefore, on that account, cannot defend against an action for the purchase money after the deed has been accepted, the case is very different when no deed has been accepted, no mortgage or other lien for the purchase money has been given by the purchaser, no possession has been taken, nor

any other act done by the purchaser in affirmance of the contract. And when in addition to all this, a large loss of the actual consideration of the contract, may, and probably will, be suffered by the enforcement of the contract against the will of the purchaser, surely an express provision against the possibility of such a loss embodied in the written terms of the contract, will not be violated or disregarded by the courts, when they are asked to enforce it as an executory contract only.

This reasoning was followed and enforced in the case of Bank v. Alexander, reported in 3 Central Reporter, 388, decided in 1886, in which the decree of the court refusing specific performance was affirmed by this court. The facts in that case were very similar to the facts in this, except that here buildings had already been erected on the lot, the loss of which could not be replaced by an assessment of damages when taken. In Bank v. Alexander the master said, " It has been stated in the findings of fact that this street has been laid out thirty feet wide over a portion of the lot. This fact presents a most serious obstacle to the granting of a decree for specific performance of the contract between the parties. It is true the street is not opened, but is laid out on the city plan. The effect of this is to give notice to whomsoever takes the lot, of the possibility, or rather the probability, that the street will be opened at any time, and, therefore, he cannot claim damages from the city, should he erect improvements upon it. (See act of April 3, 1851, P. L. 327.) He finds himself in the awkward position of not being able to claim damages, as there has been as yet no physical taking, and yet he cannot improve except at his peril. At the best he is subject to uncertainties, and is liable to a lawsuit to test the question of benefits or damages, to which he may be entitled, or for which he may be liable. This would seem to present a very similar state of facts to that governed by the decision of the Supreme Court in Speakman v. Forepaugh, 44 Pa. 374. This is an executory contract, and the rights of the vendee are more jealously guarded than if it were executed ; or, perhaps more accurately, the presumptions of law are different from those arising where a contract has been executed." In the last case cited it is said, " In this state when contracts for the sale of land have been executed, and securities for the purchase money have been taken, if there be

a known defect of title, and no covenant against it in the deed, there is a presumption that the purchaser undertook to run the risk of the defect; and if he did, he cannot detain the purchase money on account of it.   This is a rule in regard to executed contracts, but even in them it is not a conclusive presumption. (See Rawle on Covenants for Title, 723–7).   It is inapplicable to a mere executory contract which is only preparatory."

In the foregoing case of Bank v. Alexander, the report of the master was sustained by the court below and that decree was affirmed by this court in a per curiam opinion.   There the proceeding was a bill for specific performance, and here the action is assumpsit to recover the purchase money.   The same principles and reasoning are applicable in both.   The plaintiff in this case has not conveyed, and is not able to convey, a title clear of incumbrance, and is therefore not entitled to the purchase money.   The assignments of error are not sustained.

Decree affirmed and appeal dismissed at the cost of the appellant.

*J. Howard Morrison*, for appellant.

*William H. Peace*, for appellee.