# Patterson v. Freihofer, Appellant.

*Contract—Real estate—Stipulation against easements—Affidavit of defense.*
In an action for the purchase money of real estate purchased under an agreement that "the premises are to be conveyed clear of all easements," an affidavit of defense is sufficient which avers that notwithstanding the covenant the premises to be conveyed are subjected to certain easements consisting of (1) a joint right of way or alley, of a width of about eighteen inches, one-half of which is on the plaintiff's premises, and the remaining half upon adjoining property belonging to another, said right of way or alley being for the common use of both said properties; and (2) a right in

adjoining owners to the use of certain cesspools or privy wells opened and maintained partly upon plaintiff's premises and partly upon the property of adjoining owners.

When one protects himself against an incumbrance by a positive covenant that the property is to be conveyed to him clear of all such incumbrance, he is entitled to the benefit of his contract whether he had knowledge of the existence of the incumbrance or not.

Argued March 20, 1906. Appeal, No. 75, Jan. T., 1906, by defendants, from order of C. P. No. 2, Phila. Co., Dec. T., 1905, No. 355, making absolute rule for judgment for want of a sufficient affidavit of defense in case of John J. Patterson v. Charles Freihofer and William Freihofer. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Reversed.

Assumpsit for purchase money of real estate.

Rule for judgment for want of a sufficient affidavit of defense.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*James W. Laws*, with him *William W. Porter*, for appellants.—All averments in the affidavit of defense which go to meet the averments of the statement must be taken as true: Johnston v. Callery, 173 Pa. 129.

The averments in the affidavits of defense, that the properties are subject to easements, cannot be gone behind, even though such averments constitute mere conclusions of law: Erie City v. Brady, 127 Pa. 169; Eby v. Elder, 122 Pa. 342; Friend v. Oil Well Supply Co., 179 Pa. 290; Evans v. Taylor, 177 Pa. 286; Bank v. Alexander, 3 Cent. Repr. 388.

*Ira Jewell Williams*, with him *Simpson & Brown*, for appellee.—The averment as to the alleged easements falls short of the requirements: Howes v. Barmon, 69 L. R. A. 568; Flanigen v. Phila., 51 Pa. 491; Henry v. Black, 210 Pa. 245; Wolf v. Christman, 202 Pa. 475; White v. Price, 202 Pa. 128; Shattuck v. Cunningham, 166 Pa. 368; Bowman v. Bittenbender, 4 Watts, 290.

An apparent easement is presumably known to the purchaser, the price paid being fixed in view thereof, and is therefore not within the covenant against easements or incumbrances: Memmert v. McKeen, 112 Pa. 315.

OPINION BY MR. JUSTICE STEWART, April 30, 1906:

This was an action for purchase money of real estate. The plaintiff's statement recited the written agreement between the parties. It is therein stipulated among other things, that " the premises are to be conveyed clear of all easements." It is distinctly averred in the affidavit of defense filed, that notwithstanding this covenant, the premises to be conveyed are subjected to certain easements consisting of (1) a joint right of way or alley, of a width of about eighteen inches, one-half of which is on the plaintiff's premises, and the remaining half upon adjoining property belonging to another, said right of way or alley being for the common use of both said properties; and (2) a right in adjoining owners to the use of certain cesspools or privy wells opened and maintained partly upon plaintiff's premises and partly upon the property of adjoining owners. If the facts are as here stated, and for present purposes we must assume that they are, then plaintiff's action cannot be maintained; for he can only require the defendant to keep his covenants as he observes his own. He stipulated to convey the premises clear of all easements, and defendant covenanted to pay the consideration only on condition that plaintiff fulfilled his contract. The buyer cannot be required to pay for what he did not agree to purchase. The description of the easements alleged is sufficiently explicit; it indicates clearly what they are, where they are, and their extent. This description certainly leaves the plaintiff in no doubt with respect to the defense set up, for recognizing the easements described, he insists in reply that they were open and visible at the time of purchase, that plaintiff must be presumed to have seen them, and that their existence therefore is no defense to the action. Whether such reply would be adequate where the covenant is simply a general warranty of title, we need not consider; it certainly fails to meet the case where the covenant is expressed, to convey clear of easements. When one protects himself against an incumbrance by a positive covenant that the property

is to be conveyed to him clear of all such incumbrance, he is entitled to the benefit of his contract whether he had knowledge of the existence of the incumbrance or not: Evans v. Taylor, 177 Pa. 286. The present action is to enforce payment of purchase money on an executory contract. In the case just cited, it is said, " But when a positive term of the contract must be disregarded, neither law nor equity will interfere when the contract is executory." It is unnecessary to discuss the other matters of defense set up in the affidavit of defense ; this one was sufficient to prevent the rule for judgment being made absolute.

Judgment reversed and a procedendo awarded.