## Strong, Appellant, *v.* Brinton.

*Deeds—Covenants—Encumbrances—Railroad right of way.*

An encumbrance within the meaning of an agreement to sell land clear of all encumbrances exists, where it appears that an owner in the line of title had released to a railroad company a right of way over the land by an agreement which provided that no nonuser of the strip of the land in question by the railroad company, or its successors, or any user or occupation by the owner, his heirs or assigns by residence or otherwise, for any period of time shall affect the right of the railroad company and its successors to the entire and exclusive possession of the strip of land in question.

When a person protects himself against an encumbrance by a positive covenant that the property is to be conveyed to him clear of all encumbrances, he is entitled to the benefit of his contract whether he had knowledge of the existence of the encumbrance or not.

Where a person entered into an agreement in writing to convey land clear of encumbrances and it appears that a railroad company operated a railroad on a right of way over the land granted to it by a prior owner under a recorded release, and this is known to the vendee, and the parties on the day that the deed is delivered agree in writing that a portion of the purchase-money should be retained by the vendee to be held until it was determined whether the railroad right of way was an encumbrance on the land within the meaning of the articles of sale, the court will subsequently on the case stated between the parties adjudge that the vendee was entitled to retain the portion of the purchase-money in his hands.

Argued March 13, 1916. Appeal, No. 10, March T., 1916, by plaintiff, from judgment of C. P. Cumberland Co., May T., 1915, No. 478, for defendant on case stated in suit of Roberta V. Strong v. Martin A. Brinton. Be-

fore ORLADY, P. J., HENDERSON, KEPHART, TREXLER and
WILLIAMS, JJ.    Affirmed.

Case stated to determine whether a portion of the pur-
chase-money of real estate should be paid by a vendee to
the vendor.    Before SADLER, P. J.

From the case stated it appeared that on September
22d, Roberta V. Strong executed an agreement in writ-
ing by which she agreed to sell to M. A. Brinton a tract
of land containing 111 acres in Lower Allen Township
"the title to be good and marketable and satisfactory to
the said M. A. Brinton his heirs and assigns, and the said
land to be clear of all liens and encumbrances."

On January 28, 1901, Mary Strong and others prior
owners of the land executed and delivered a release to
the Harrisburg Terminal Railroad Company of a strip
or piece of land containing two and thirty-eight hun-
dredth acres as a right of way for the railroad.    This
release contained the following provision:

"And for ourselves, our heirs, executors, administra-
tors, and assigns, we do hereby covenant and agree to
and with the said The Harrisburg Terminal Railroad
Company, their successors and assigns, shall never be
required to erect or maintain any fence along the lines
dividing the above described piece or strip of land from
the adjoining lands belonging to us: And further, that
no nonuser of the above described piece or strip of land,
or any part or portion thereof, by the said The Harris-
burg Terminal Railroad Company, their successors and
assigns, or no user, occupation or possession thereof, or
of any part thereof, by ourselves, or our heirs executors,
administrators, assigns, whether by residence, cultiva-
tion, inclousure, or otherwise, for any period of time
whatever, whether for twenty-one years or longer, shall
in any manner affect the right or title of the said The
Harrisburg Terminal Railroad Company, their succes-
sors and assigns, to the entire and exclusive possession of
the same."

On December 14, 1914, a deed was tendered to Brinton by Roberta V. Strong, but he insisted that under his contract he was not obliged to pay for the land embraced in the release above quoted whereon having paid for the remainder of the land at the rate of $1.70 per acre, a written agreement was entered into between him and Roberta V. Strong which provided as follows:

Now this agreement witnesseth, that the said sum of four hundred four and 60-100 dollars ($404.60) shall be deposited by the said M. A. Brinton in the hands of a third party, to be held until a satisfactory settlement of said question can be obtained by the two parties, when the same shall be paid to the party entitled thereto, as ascertained by said final settlement. Said M. A. Brinton further agrees to pay all costs incurred in arriving at a final settlement of the said question, including an attorney's fee of not more than fifty (50) dollars."

The court entered judgment for defendant on the case stated.

*Error assigned* was in entering judgment for defendant on case stated.

*E. M. Biddle, Jr.,* with him *S. S. Rupp,* for appellant. —Where there is a servitude imposed upon the land which is visible to the eye, and which affects no title, but the physical condition of the property there is the presumption that if the encumbrance is really an injury, such injury was in the contemplation of the parties, and that the price was regulated accordingly: Memmert v. McKeen, 112 Pa. 315; Barns v. Wilson, 116 Pa. 303; Patterson v. Arthurs, 9 Watts 152; Wilson v. Cochran, 48 Pa. 107; Eby v. Elder, 122 Pa. 342; Friend v. Supply Co., 179 Pa. 290; Geible v. Smith, 146 Pa. 276; Ormsby v. Pinkerton, 159 Pa. 458; Smith v. Donahue, 60 Pa. Superior Ct. 424; Taylor v. Allen, 60 Pa. Superior Ct. 503.

The court below also argued that the fact that the

defendant had knowledge of the encumbrance was immaterial, and in support of this view, cited the case of Evans v. Taylor, 177 Pa. 286; Firmstone v. Spæter, 150 Pa. 616; Patterson v. Friehofer, 215 Pa. 47, and Farber v. Blubaker Coal Co., 216 Pa. 209. An examination of these cases will show that in every one of them the contract before the court was an executory one, and that in no one of these cases had the defendant accepted the deed for the property as in the case at bar. The distinction is a material one, for where a deed has been accepted, the prior agreement merges in the deed, if the grantee had knowledge of the facts, and the stipulation against encumbrances contained in the preliminary agreement can no longer be relied upon to defeat a recovery of the purchase-money: Farmers, Etc., Bank v. Galbraith, 10 Pa. 490; Rogers v. Olshoffsky, 110 Pa. 147; Smith v. Donahue, 60 Pa. Superior Ct. 424; Eby v. Elder, 122 Pa. 342.

Under all the authorities, therefore, we contend that it is clear that when the deed was offered to the defendant, he was bound to elect either to accept it and to pay for all the land conveyed in accordance with the terms of his contract, or to rescind the contract and to refuse to accept the deed that was tendered to him, and that having accepted the deed, he had made his election and could not thereafter successfully ask to be relieved from the payment of the purchase-money, in view of the fact that he had knowledge of the alleged encumbrances when he made his election and accepted the deed.

*Conrad Hambleton,* with him *Caleb S. Brinton,* cited: Carbon Spring Water Ice Co. v. Hawk, 29 Pa. Superior Ct. 13; Com. v. Banker Bros. Co., 38 Pa. Superior Ct. 101; Johnson v. Callery, 173 Pa. 129; Patterson v. Friehofer, 215 Pa. 47; Evans v. Taylor, 177 Pa. 286; Wilson's App., 109 Pa. 606.

OPINION BY HENDERSON, J., May 9, 1916:

The contract of September 22, 1914, executed under seal by Roberta V. Strong, out of which this action arises, contained the following covenant: "the said title to be good and marketable and satisfactory to the said M. A. Brinton, his heirs and assigns and the said land to be clear of all liens and encumbrances." It must be admitted that the occupancy by the railroad company of that portion of the farm covered by the release of the heirs of John Strong dated January 28, 1891, constitutes an encumbrance. That document not only recognizes a right of way but provides that no nonuser of the strip of land or any part thereof by the railroad company, its successors or assigns or any user, occupation or possession thereof or of any part thereof by the said Strong heirs or by their heirs, executors, administrators or assigns whether by residence, cultivation, enclosure or otherwise for any period of time whether for twenty-one years or longer shall in any manner affect the right or title of the said railroad company, its successors and assigns to the entire and exclusive possession of the same. A permanent right of exclusive occupancy is thereby fixed on the land and to that extent the owner was not able to convey a title "good and marketable and satisfactory" to the grantee and "clear of all encumbrances." It is agreed in the case stated that the total depreciation of the farm by reason thereof is $404.60, which is the retained purchase-money claimed in this action. If the plaintiff were pursuing her remedy on the contract it is plain that there could be no recovery on the agreed facts, for the defendant having protected himself against encumbrances by a positive covenant that the property shall be conveyed clear of all encumbrances is entitled to the benefit of his contract and this is true whether he had knowledge of the existence of the encumbrance or not Evans v. Taylor, 177 Pa. 286; Patterson v. Freihofer, 215 Pa. 47. Whatever may be the obligation of the grantor under the covenant of general warranty or

the statutory warranty arising from the grant, bargain and sell clause in the deed where the grantee has knowledge of the encumbrance, the law is well settled that an express and positive covenant against encumbrances binds the covenantor even if the grantee have knowledge of the existence of the encumbrance. It is contended, however, by the appellant that by the delivery of the deed the contract was merged in the deed, and that the contract being executed, a different rule prevails as indicated in Memmert v. McKean, 112 Pa. 315; Barns v. Wilson, 116 Pa. 303, and kindred cases; in the former of which it was held in an action on the warranty contained in the grant, bargain and sell clause of a deed that this covenant did not apply to an encumbrance consisting of stone steps belonging to an adjoining house and so constructed as to occupy a portion of the sidewalk in front of the plaintiff's house. The decision was rested on two grounds: that the existence of the encumbrance was plainly visible to the eye as a servitude on the property and the presumption is that the price was fixed with reference thereto; and that neither the Act of 1715 nor the general warranty in the deed covered such an encumbrance. There is a clear distinction, however, between cases of this class and those where a particular and positive warranty against encumbrances exists: Friend v. Oil Well Supply Co., 179 Pa. 290; and a distinction is also drawn between an executed and executory contract, the presumption of waiver being applied in the former case while in the latter no such presumption exists. It is assumed by the appellant that the case involves an executed contract but this assumption is disturbed by the agreement of December 14, 1914, executed at the time of the delivery of the deed. The obvious purpose and effect of that instrument was to avoid any presumption or conclusion which might arise from the delivery of the deed and to preserve to the defendant the attitude which he maintained before the deed was delivered, with respect to the 2.38 acres. Objection was

made by the defendant to the receipt of the deed and the payment of the purchase-money, whereupon it was agreed that the question should be submitted to the court to determine whether, in view of the encumbrance, the grantee was bound to pay the full price for all the land within the plaintiff's survey. The effect of this agreement, as we construe it, was to leave the defendant in as favorable a position with reference to the controverted question as he would have been in if the deed had not been delivered and a part of the purchase-money paid. The transactions were contemporaneous, a dispute existed before any money was paid or the deed delivered and the contract cannot be said to be executed, therefore, with respect to this reserved question. This leaves the defendant in a position to object to the quality of his title so far as the title is affected by the estate of the railroad company. The cases on which the appellant relies arise out of the contract of general warranty or covenants created by the Act of 1715 and relate to executed contracts. We are concerned with a particular covenant where the question was reserved by agreement for determination by the court. Our opinion is that on the facts presented in the case stated the conclusion reached by the learned judge of the court below was correct. It is unnecessary therefore, to consider the first, third and fifth assignments which complain that facts were stated and inferences drawn in the opinion of the court which were not contained in the case stated. The matters there objected to are not controlling features of the case and are not necessary to sustain the judgment.

The judgment is affirmed.