# McDermott *v.* Reiter et ux., Appellants.

*Vendor and vendee—Encumbrances—Covenants—Notice.*

1. A purchaser of real estate cannot be required to take it, if it is subject to an encumbrance or easement of which he had no knowledge at the time of making the contract.

2. If the contract expressly provides that the land is to be conveyed free of incumbrances and easements, the purchaser cannot be required to take it even though he knew of the encumbrance or easement at the time of making the contract.

*Deeds—Private alley—Right to use alley—Parties.*

3. Where a deed or deeds provide for a private alley, only the parties specified in the deeds, and those having occasion to visit them in the particular properties, are entitled to use the alley.

*Vendor and vendee—Agreement of sale—Description of premises —House number—Parol evidence—Statute of frauds.*

4. If an agreement for the sale of real estate specifies a house number, or the name by which the particular property is known, with sufficient clearness to render certain the location of the property, evidence is admissible in order to apply the description to the land.

5. If such evidence is not or cannot be produced, the contract will not be enforced.

*Contract—Right to cancel—Reasons for cancellation.*

6. Where a party has a right to cancel a contract, his supposed reasons for doing so are wholly immaterial.

Argued February 5, 1924. Appeal, No. 194, Jan. T., 1924, by defendants, from judgment of C. P. No. 5, Phila. Co., March T., 1921, No. 7593, on verdict for plaintiff, in case of George A. McDermott, to use of Katharine Reilly, Assignee, v. William Reiter and Anna Reiter, his wife. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for hand money on agreement to purchase real estate. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,515. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendants n. o. v., quoting record.

*Edward B. Martin,* for appellants.—The easement of this alley should be viewed precisely as if it were an open public street or road: Patterson v. Arthurs, 9 Watts 152; Peck v. Jones, 70 Pa. 83; Memmert v. Mc-Keen, 112 Pa. 315; Eby v. Elder, 122 Pa. 342.

Our willingness to deed to plaintiff the soil of the alley (encumbered as it is with the servitude of an easement of a passageway and a steampipe), is of no account in the case. We are not bound to convey it to her, and it is surplusage: Levy's Est., 30 Pa. Dist. R. 349; Levy's Est., 273 Pa. 148.

The reference to numbers is of course to house numbers, and to the established principle of law as set forth in Shattuck v. Cunningham, 166 Pa. 368, that the designation of the lot by its number must be regarded as the prominent object or monument, and where there is uncertainty the monument must prevail over the description by courses and distances.

*Herbert A. Barton,* for appellee, cited: Evans v. Taylor, 177 Pa. 286; Strong v. Brinton, 63 Pa. Superior Ct. 267; Patterson v. Freihofer, 215 Pa. 47.

OPINION BY MR. JUSTICE SIMPSON, March 3, 1924:

For a consideration named, part of which was paid at the time of signing the agreement of sale, defendants agreed to sell and convey to plaintiff, and he agreed to buy, "All that certain three story semi-detached brick house and garage known and situate at No. 1903 Wynnewood Road in the 34th Ward of the City of Philadelphia," the agreement further providing that "the premises are to be conveyed free and clear of all incumbrances and easements." In point of fact, the rear five feet of the lot was part of the bed of a ten-foot wide alley, over which "the owners, tenants and occupiers of the other lots of ground bounding thereon" had "the free use, right, liberty and privilege......as and for a passage way and water course at all times hereafter forever, in common" with those owning, using and occupying the property plaintiff agreed to purchase. Defendants being unable to obtain a release of this easement, plaintiff rescinded the agreement of sale, and sued to recover back the hand money he had paid. He obtained a verdict, and from the judgment thereon defendants now appeal.

While admitting the existence of the easement, defendants claim that the alley is in effect a public road, which, it has been held (Patterson v. Arthurs, 9 Watts 152), is not such an easement as violates the covenant against encumbrances. The rule thus invoked has no applicability to private alleys, however; in such cases this class of agreements cannot be enforced by the vendor, if the covenant is implied, and the vendee did not know of the existence of the alley (Wilson v. Cochran, 46 Pa. 229); and, if it is express, the same conclusion is reached even though he did know: Evans v. Taylor, 177 Pa. 286; Strong v. Brinton, 63 Pa. Superior Ct. 267. Moreover,

a private alley has none of the incidents of a public road. From Kirkham v. Sharp, 1 Wh. 323, to at least Allen v. Scheib, 257 Pa. 6, we have steadily held that its use is strictly limited to the persons named in the deeds and those having occasion to visit them in the particular properties, and cannot be enlarged to include any other persons, or any other properties, without the consent of all those named in the grant.

We are not much concerned here, however, with the covenant against encumbrances, but with the express agreement that "the premises are to be conveyed free and clear of all......easements." The right of the abutters to use this alley is an easement, from which, under such a contract, defendants were bound to obtain a release, if they wished the agreement to be carried out: Patterson v. Freihofer, 215 Pa. 47.

It is finally contended that, since the agreement of sale does not specify the size of the lot to be conveyed, but only stipulates that it shall include the "brick house and garage known and situate at No. 1903 Wynnewood Road," this description will be fully answered by conveying back to the line of the alley, without including any part of it. Appellants could equally well argue, from this language, that it contemplates only so much of the property as is occupied by the house and garage, and excludes all the ground not under them. If this contention were to be given weight, therefore, the necessary conclusion would be that the land is so inadequately described as to make the contract unenforceable: Weisenberger v. Huebner, 264 Pa. 316, 320.

Such agreements are good, however, where they give house numbers, or the name of the particular place sold, with sufficient clearness to render certain the location of the property, because "if the subject-matter, the land, be described, we admit evidence in order to apply the description to the land": Ferguson v. Staver, 33 Pa. 411, 413; Cohen v. Jones, 274 Pa. 417. In the instant case, the only evidence as to the depth of the lot to be conveyed,

was the deed to defendants from their immediate grantor. This they gave to plaintiff, or some one representing him, in order that a deed from them to him might be drawn; and, in their affidavit of defense, they aver that they "offered to execute the deed for the said premises, which deed plaintiff had prepared and presented to them at the settlement......[and] defendants are still willing to execute said deed." Both those deeds include, as part of the property No. 1903 Wynnewood Road, the five feet in the bed of the alley, which plaintiff was entitled to have, and which was subject to the rights of the owners abutting on the alley.

It thus conclusively appears that defendants could not convey to plaintiff all the land they contracted to deliver to him "free and clear of all......easements." For this reason it is unnecessary to consider the other points raised in the briefs; but since appellants think plaintiff's "real reason" for rescinding the contract may have been different from the one above considered, we should perhaps add that, as he had a right to cancel the contract, his reasons for so doing are wholly immaterial: Orth & Bro. v. Board of Education, 272 Pa. 411.

The judgment of the court below is affirmed.