## Ritter v. Hill et al.

*Vendor and vendee—Executory agreement—Encumbrances—Easements—Restrictions—Plotted streets.*

Under an executory agreement to convey real estate "clear of all liens and encumbrances, excepting existing restrictions and easements," the existence of an unopened street, plotted on the city plan before the date of the agreement, creates an "existing restriction" within the exceptions to the covenant against encumbrances, and is no defence to an action for the purchase money.

Rule for judgment for want of a sufficient affidavit of defence, and rule for judgment for want of sufficient reply to defendants' counter-claim. C. P. No. 5, Phila. Co., Dec. T., 1923, No. 5232.

*Robert T. McCracken,* for plaintiff.

*J. J. Stratton* and *A. C. Boyd,* for defendants.

MARTIN, P. J., March 14, 1924.—The plaintiff has taken a rule for judgment for want of a sufficient affidavit of defence upon a claim for the down-money and expense of examination of title under a written contract for the purchase of real estate from the defendants. The defendants have taken a rule for judgment for want of a sufficient affidavit of defence or reply to the counter-claim of the defendants, in which they are seeking to recover the balance of the purchase money for the sale of said real estate.

The facts are undisputed, and one of these parties is entitled to judgment. The sole question for determination is the effect to be given to the clause of the contract which provides as follows: "Premises to be conveyed clear of all liens and incumbrances excepting existing restrictions and easements, if any; title is to be good and marketable and such as will be insured at regular rates by any responsible title insurance company." Both parties were ready and willing to perform, at the time fixed by the contract, which was dated Nov. 7, 1923, with time of settlement "on or before Dec. 30, 1923." On Oct. 4, 1916, Councils of the City of Philadelphia, by ordinance, authorized the establishment of new streets over certain territory in the City of Philadelphia, pursuant to which the Board of Surveyors of said city, on Oct. 20, 1919, laid out upon the confirmed City Plan a plotted street 150 feet wide, to be known as Penrose Avenue, to intersect the said real estate of the defendants. The Land Title and Trust Company declined to insure the title for the sole reason that said Penrose Avenue, as laid out and plotted upon the City Plan, was an incumbrance upon the property. No further steps have been taken for the opening of said Penrose Avenue.

The contention of the plaintiff is that Penrose Avenue, as plotted and laid out on the City Plan, is an incumbrance upon the property to be conveyed by the defendants under said contract, and that he is, therefore, entitled to the return of his purchase money and expense of examination of title under the terms of his agreement. The contention of the defendants is that, while the said Penrose Avenue, as marked on the City Plan, is an incumbrance upon said property, the incumbrance is a restriction or easement within the exception of the said clause of the agreement in question, and that no other reason having been advanced for non-performance by the plaintiff or for non-insurance by the title company, the defendants are entitled to judgment for the balance of the purchase money under the terms of the contract, and as set forth in their counter-claim.

It is admitted that, under the conclusions of our appellate courts in Evans *v.* Taylor, 177 Pa. 286; Graybill *v.* Ruhl, 225 Pa. 417, and Strong *v.* Brinton, 63 Pa. Superior Ct. 267, and other cases, the said Penrose Avenue, as plotted

and marked upon the City Plan, is an incumbrance against the property, and, whether known to the defendants or not, would relieve the plaintiff from performance under the covenant against incumbrances, and the disputed question is thus limited to the narrow proposition whether Penrose Avenue, as laid out and plotted upon the City Plan, was an existing restriction or easement within the exception of the covenant against incumbrances.   This leads to a consideration of the effect of the marking upon the City Plan of said Penrose Avenue.   It can hardly be said to be an "easement" or a "tentative easement." It is no more than the first step in the securing of a public easement.   It is, however, notice to the owners of the property that the city contemplates opening said street and thus establishing an easement, with the legal effect that while the owners may have full enjoyment of their title and full use of their property, including the right to make improvements, yet, in the event of the city laying out and opening said street, the owners are not entitled to compensation for damages by reason of improvements made subsequent to the marking of Penrose Avenue upon the City Plan.   It is, then, no taking of the land, but a limitation or restriction upon the title or ownership in the matter of recovery for improvements so made after the street or avenue is marked upon the City Plan.   It seems to be clear that the said action of the city did not create an easement, but an incumbrance, which incumbrance, however, comes within the definition and meaning of a restriction which existed at the time of the making of the contract between the parties in this suit. The court will, therefore, hold that the defendants are entitled to judgment for the balance of their purchase money.

And now, to wit, March 14, 1924, the rule of the plaintiff for judgment for want of a sufficient affidavit of defence is discharged.   The rule of the defendants for judgment for want of a sufficient affidavit of defence or reply to the counter-claim is made absolute, and judgment is directed to be entered in favor of the defendants and against the plaintiff for the sum of $4750, with interest thereon from Dec. 31, 1923.