## Fischer *v.* Anderson, Appellant.

Argued November 12, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Ivan E. Birsic,* with him *Cauley & Bowman,* for appellant.

*William L. Jacob,* with him *William L. Jacob, Jr.,* for appellees.

OPINION BY ROSS, J., April 14, 1953:

This is an appeal by the defendant in an assumpsit action from the refusal of his motion for a new trial after a jury verdict and judgment thereon for the plaintiffs. The action arose out of a transaction involving a veteran of World War II and his wife (plaintiffs), a building contractor (defendant), a bank and the Veterans Administration.

Sometime late in the fall of 1947 the plaintiffs and the defendant entered into negotiations for the construction of a house on a lot owned by the plaintiffs. The plaintiffs applied to First Federal Savings and Loan Association of Pittsburgh for a construction loan. Apparently an unexecuted draft of an agreement between the plaintiffs and the defendant, together with a set of plans and specifications, was submitted to the Veterans Administration for its approval as guarantor of the loan under the G.I. Bill of Rights. The proposed cost of construction was $7,830. The approval of the Veterans Administration when given was conditioned upon the defendant's agreement to supply and install a "pine floor" and a "pipeless furnace" for the home at the proposed price, and the defendant orally agreed to do this. To prove that the defendant had thus orally agreed the plaintiffs, over the objection of the defendant, were permitted to introduce into evidence a letter written by Roy N. Stoehr, a clerk for First Federal, on November 18, 1947, to the plaintiff Harry C. Fischer. In the disputed letter Mr. Stoehr informed Mr. Fischer

that his application for a $7,000 G.I. construction loan had been approved by the bank, and further stated that "Mr. Anderson [the defendant] has agreed to sign a contract which is to include the pine floor and pipeless hot air furnace". On November 20, 1947 the plaintiffs entered into a written agreement with the defendant, by the terms of which the latter agreed to "provide all the materials and perform all the labor for the erection and completion" of a house on plaintiffs' lot for $7,830 according to plans and specifications. The agreement contains no provision relative to a pine floor or a pipeless furnace.

The "plans" incorporated by reference into the agreement were put in evidence by the plaintiffs and in a portion of them there appears a cross-section of the floor of a room. Above the drawing of the floor, with arrows running from each to the floor, are the following abbreviations: "FIN FLOOR", "BLDG PAPER", "SUB FLR". Neither plans nor specifications disclose any reference to a furnace of any kind.

The basis of plaintiffs' action is that they are entitled to damages because defendant breached his construction contract. It is alleged that by reason of defendant's refusal to complete the house plaintiffs were forced to complete it themselves at a cost of $1,209.96 over the contract price. Included in this amount were claims for $230 for a *pine* floor and $189.95 for a pipeless furnace.

Defendant's single contention in this appeal is that the court below erred in admitting Mr. Stoehr's letter and his oral testimony to prove that defendant orally agreed to install pine flooring and a pipeless furnace. These oral agreements were, defendant argues, made prior to the execution of the written contract and hence are merged in and superseded by the subsequent written agreement. This being so, the defendant concludes,

in the absence of fraud, accident or mistake, the writing constitutes the agreement between the parties and its terms cannot be added to nor subtracted from by parol evidence.

The defendant's contention is based upon the Pennsylvania Parol Evidence Rule that where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement. All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol evidence. *Gianni v. Russell & Co., Inc.*, 281 Pa. 320, 323, 126 A. 791; *Walker v. Saricks,* 360 Pa. 594, 598, 63 A. 2d 9; *Grubb v. Rockey,* 366 Pa. 592, 597, 79 A. 2d 255; *McMinn v. Mammone,* 169 Pa. Superior Ct. 1, 4, 82 A. 2d 70. As it relates to the flooring, defendant's contention is untenable.

The section captioned "Floors" in the specifications makes it clear that the defendant agreed to do more than provide subflooring, and the plans make reference to a finished floor as well as a sub-floor. A reasonable construction of the agreement in suit is that the defendant obligated himself to build a finished floor *of unspecified material* in the house he agreed to construct for plaintiffs. The letter written by Stoehr to Harry C. Fischer was admissible to show that the floor was to be constructed of pine. The purpose of admitting it was not to contradict, alter or add to the terms of the written agreement but rather to explain what the parties understood one ambiguous term to mean. It is well settled that where the language of a contract, or any part of it, is ambiguous, either party

may produce oral evidence to explain the meaning of the contract and to resolve the ambiguity. *Waldman v. Shoemaker*, 367 Pa. 587, 80 A. 2d 776. Consequently we conclude that the Stoehr letter was admissible to prove the type of flooring that was to be used by the defendant in the construction of the house.

The trial court was not requested to do so and did not limit the Stoehr letter to the issue of the kind of floor; had he been requested to do so, he undoubtedly would have, and properly so. However, defendant elected to stand upon his general objection to the admissibility of the letter and since it was admissible to prove that the defendant had orally agreed to furnish a *pine* floor, it was not rendered inadmissible because it also included the reference to the furnace. *Sheaffer v. Eakman*, 56 Pa. 144; *Connecticut General Life Insurance Co. v. McMurdy*, 89 Pa. 363. Moreover, we cannot assume that the jury gave any consideration to the plaintiffs' claim for a furnace because aside from it the verdict—$854.81—was less than the total of other damages proved by the plaintiffs.

Judgment affirmed.