Lipsie, Appellant, *v.* Dickey.

Argued October 1, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

*Archibald M. Matthews,* for appellant.

*Leland W. Walker,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, November 9, 1953:

This action was brought in assumpsit to recover for the alleged breach of a covenant of warranty contained in a deed and of another warranty contained in a bill of sale. The litigation culminated in a jury trial at which the learned court below entered a compulsory nonsuit and subsequently refused to take it off. Plaintiff appeals.

In a written memorandum defendant, George A. Dickey, agreed to sell to plaintiff, William A. Lipsie, "a tract of land in Jenner Township, Somerset County, Pennsylvania, containing 3.917 acres being the same premises conveyed by the Smokeless Quemahoning Coal Company by deed of October 7, 1949 and recorded in Deed Book Volume 404 at page 433 together with a tipple and all machinery and equipment, parts and accessories now used in the operation of the tipple . . ." for a cash consideration of $13,500. Plaintiff agreed "to buy the said tipple and land and pay" that amount. In pursuance of this agreement, defendant executed two documents; one, a deed for the land, and another, a bill of sale for "all the following items of personal property now situate and contained in a tract of 3.917 acres of surface this day conveyed to the buyer herein consisting of: Frame tipple with Link Belt light conveyor complete with miscellaneous number of spare or replacement parts for said conveyor, . . . Frame supply building excluding the contents of said building . . ." There followed a long list of various pieces of machinery, equipment, tools and other items of personal property.

After plaintiff had made this purchase and paid the consideration money an action of ejectment was brought against him by owners of the adjoining premises who claimed that a portion of the tipple was situ-

ated on their land. That action resulted in a judgment for the plaintiffs therein, it being decided that a portion of the tipple was in fact located on the adjoining land and did not belong to defendant at the time of his sale to plaintiff. Plaintiff claims that he has thus been deprived of any use of the tipple whatever because it is unworkable and worthless without the portion from which he was thus ejected and it is economically impractical to move it so that no portion would remain outside the land he purchased.

The deed given by defendant to plaintiff described the land conveyed as containing 3.917 acres, "all of which tract is represented by courses and distances on a survey attached to and made a part of this deed." It was further described as "Being the same premises . . . conveyed by the Smokeless Quemahoning Coal Company to George A. Dickey by deed dated October 7, 1949 and recorded in Deed Book Volume 404 at page 433." The deed contained a provision that "the said grantors do hereby Warrant the property hereby conveyed, unto William A. Lipsie, trading as Janice Coal and Coke Company, his heirs and assigns forever."

It is clear that plaintiff has no just cause of action against defendant on this warranty in the deed because, apart from the question as to whether it was meant to be a general or a special warranty, (as to which see Act of April 1, 1909, P. L. 91, sections 4 and 5), plaintiff received the identical acreage specified in the deed, namely 3.917 acres as mapped on the survey attached to the deed and being the same premises that had been conveyed to the defendant by the deed from the Smokeless Quemahoning Coal Company.

A different question arises in regard to a warranty contained in the bill of sale which conveyed the frame tipple, the frame supply building, and the various items of personal property therein enumerated. That

warranty is as follows: "George A. Dickey does warrant and represent that he is the owner of all the aforementioned articles of personal property and that no individual, partnership or corporation has any interest therein and that all of the said property is free and clear of any liens or encumbrances and that the same is sold without any warranty as to the condition thereof which the buyer accepts upon his own inspection in the condition and where located on the 3.917 acres, the seller warranting only the ownership and freedom of liens by this sale."

Certainly the parties could thus treat the frame tipple as personalty if they so desired. Plaintiff testified that defendant had talked to him on the ground and told him that there might be six inches or a foot, but not more than that, at the back end of the small shanty built on the rear of the tipple, overlapping on the adjoining land, but that the tipple itself was all on defendant's land and "all clear," and that he owned it; furthermore that defendant made a similar statement as to his ownership of all of the tipple in the presence of plaintiff's lawyer and plaintiff's father, both of whom testified to the same effect. Defendant was also alleged to have said that the tipple had been there for more than 25 years and therefore, even if there were any question of title, the statute of limitations would have established his ownership. Since it now appears that a very considerable and essential part of the tipple was on the adjoining property and was not owned by defendant, it would follow that plaintiff would be entitled to recover from defendant for breach of the warranty contained in the bill of sale as above set forth, were it not, possibly, for the phrase *"where located on the 3.917 acres."* The court below construed these words to mean that the warranty extended only to that portion of the tipple which was

contained on the 3.917 acres. While that *may* be a proper construction, it is certainly not *the only possible one;* on the contrary, the phraseology is far from clear, and the phrase might well be regarded as meaning that the buyer accepted the various articles of personal property on *whatever part of the tract* they might be found,—that is to say, *"where* located" on the tract, not *"if* located" on the tract or *"that portion"* located on the tract.[1] Be that as it may, the best that can be said of the words in question is that they are ambiguous, and therefore there is applicable the well-established principle that where there is doubt or ambiguity as to the meaning of the covenants in a contract or the terms of a grant they should receive a construction that will accord with the intention of the parties, and that, in order to ascertain that intention, there must be taken into consideration the surrounding circumstances, the situation of the parties, the objects they apparently had in view, and the nature of the subject-matter; *Slonaker v. P. G. Publishing Co.,* 338 Pa. 292, 296, 13 A. 2d 48, 50, 51; *Hindman v. Farren,* 353 Pa. 33, 35, 44 A. 2d 241, 242; *De Moss, Admrx. v. Beryllium Corporation of Pennsylvania,* 358 Pa. 470, 472, 473, 58 A. 2d 70, 72; *Betterman v. American Stores Co.,* 367 Pa. 193, 203, 204, 80 A. 2d 66, 73; *Fidelity-Philadelphia Trust Co. v. Bankers Life Insurance Co. of Nebraska,* 370 Pa. 513, 516, 88 A. 2d 710, 711. It is equally well established that, where a written instrument is ambiguous, either party may produce oral evidence to resolve the ambiguity: *Security Trust Co. of Pottstown v. Stapp,* 332 Pa. 9, 13, 1 A. 2d 236,

---

[1] In that connection it may be noted that the bill of sale stated that "George A. Dickey has this day sold and transferred to William A. Lipsie . . . all the following items of personal property *now situate and contained in a tract of 3.917 acres,*" etc., the tipple being among the items of personal property there enumerated.

238; *Waldman v. Shoemaker*, 367 Pa. 587, 591, 80 A. 2d 776, 778; *Dorrington v. Manning*, 135 Pa. Superior Ct. 194, 200, 4 A. 2d 886, 889; *Fischer v. Anderson*, 173 Pa. Superior Ct. 175, 178, 179, 96 A. 2d 168, 170.

In order, then, to give a proper construction to the warranty here in question so that the intention of the parties in regard thereto may be given effect, they should each be given an opportunity to produce evidence from which a jury may determine what that intention really was as understood by both of them. Did plaintiff have reason to believe from what was said to him that the whole tipple stood on the land which was being conveyed to him or, even if not, that defendant owned the adjoining part by adverse possession, and that the warranty in the bill of sale, supporting that statement, was intended to cover ownership of the entire tipple? Or, on the other hand, did defendant have reason to believe from what he said to plaintiff and to plaintiff's attorney, and from all the circumstances of the transaction, that the warranty was not being given to cover more than the part of the tipple which stood upon the 3.917 acres?[2] Even if plaintiff had knowledge of an existing defect in the title, that in itself would not deprive him of his right of recovery for a breach of the warranty (*Cathcart v. Bowman*, 5 Pa. 317; *Evans v. Taylor*, 177 Pa. 286, 35 A. 635; *Patterson v. Freihofer*, 215 Pa. 47, 64 A. 326; *New York & Cleveland Gas Coal Co. v. Graham*, 226 Pa. 348, 75 A. 657; *Strong v. Brinton*, 63 Pa. Superior Ct. 267; 21 C.J.S. 908, §38;) but it would be an important fact

---

[2] Testimony was in fact presented at the trial bearing upon these questions, but apparently only in support of the mistaken idea of counsel that plaintiff's action embraced a claim for damages for deceit because of the representations as to ownership made by defendant. Such a claim in tort could not, of course, be included in an action in assumpsit.

to be considered in determining whether it was understood that the warranty was intended to extend to that defect: *New York & Cleveland Gas Coal Co. v. Graham*, 226 Pa. 348, 354, 355, 75 A. 657, 659.

It remains only to add that if at a retrial there should result a verdict in favor of plaintiff, and it should be established that the portion of the tipple on the land sold to him was wholly without value because unusable, the measure of damages to which he would be entitled would be the proportion of the purchase money paid by him attributable to the tipple as distinguished from the acreage. He would also be entitled to recover the cost of the repairs he made on the tipple, the necessity for which was presumably within the contemplation of the parties. He would also be entitled to the costs and attorney's fees expended in defending the title in the ejectment action. He cannot, however, recover what he alleges he would have received under the contract made by him with Paul E. Kerlin Construction Company for the use of the tipple.

The order of the court refusing to take off the nonsuit is reversed and a new trial is granted.