## Lipsie *v.* Dickey, Appellant.

Argued May 3, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Leland W. Walker,* with him *Walker & Kimmel,* for appellant.

*Archibald M. Matthews,* for appellee.

OPINION PER CURIAM, May 23, 1955:
Defendant, George A. Dickey, agreed to sell to plaintiff, William A. Lipsie, a tract of 3.917 acres of land in Somerset County together with a tipple and

all machinery and equipment, parts and accessories used in the operation of the tipple, for a cash consideration of $13,500. In pursuance of that agreement defendant executed two documents, one a deed for the land and another a bill of sale of the personal property. After plaintiff had paid the consideration money an action of ejectment was brought against him by owners of the adjoining premises who claimed that a portion of the tipple was situated on their land; they obtained a judgment in that action with the result that plaintiff, after two months operation of the tipple, was no longer able to use it. He thereupon brought an action in assumpsit against defendant to recover for breach of a covenant of warranty contained in the deed and of another warranty contained in the bill of sale. The litigation having reached this court, we held that plaintiff had no right of action as far as the warranty contained in the deed was concerned, and that it was not clear whether the warranty contained in the bill of sale was intended to cover ownership of the entire tipple or only the part which stood on the acreage defined in the deed. Accordingly we held that it would be for a jury to determine the intention of the parties in that regard, taking into consideration the surrounding circumstances, the situation of the parties, the objects they apparently had in view, and the nature of the subject matter; (*Lipsie v. Dickey*, 375 Pa. 230, 100 A. 2d 370). We stated that if plaintiff should obtain a verdict at the trial of the cause the measure of damages to which he would be entitled would be the proportion of the purchase money paid by him attributable to the tipple as distinguished from the acreage, and, in addition, the cost of the repairs made by him on the tipple, and the costs and attorneys' fees expended by him in defending the title in the ejectment action.

In accordance with these instructions the case was submitted to the jury in an impeccable charge to which neither of the parties took any exception. The jury found that the warranty in the bill of sale was intended by the parties to cover the entire tipple and that therefore plaintiff was entitled to damages because of its breach. Plaintiff claimed that of the $13,500 paid by him for the property only $300 represented the fair value of the land, that the tipple was wholly unusable and had only junk value, and that he had expended the sum of $583.91 for repairs and $393.25 for costs and attorneys' fees in defending the action of ejectment. It appeared, however, that he had sold the entire property to one Harold Goden for $4,000, which sum he admitted, therefore, should be credited on account of his claim.* Defendant, on the other hand, pointed out that in addition to the property conveyed by the deed and delivered under the bill of sale he had afterwards delivered to plaintiff certain parts and replacements for the crusher; that he had also agreed, as part of the transaction, to assign to plaintiff his rights in a certain financing agreement with the Pennsylvania Electric Company whereby there would be refundable by that company the sum of $716.00 over a five-year period; that he had also agreed to assign certain siding agreements with the Western Maryland Railroad Company; that he had also covenanted that he would not engage in the business of buying coal for resale in Somerset County from any concern producing coal for steel mill consumption; and, finally, he asserted a counterclaim of $395.15 for certain material sold to defendant. Plaintiff replied that the siding agreement was of no value unless the tipple could be

---

* Goden explained his willingness to pay that amount because of the fact that he was able to purchase the adjoining property on which the rest of the tipple stood.

operated; that, as Goden also testified, substantially everything, including all the rights plaintiff had obtained from defendant, were included in the transfer to Goden for which the consideration of $4,000 was paid; he denied that he was indebted to defendant on the latter's alleged counterclaim.

Weighing all these conflicting claims pro and con the jury returned a verdict in favor of plaintiff in the sum of $9,000. The court entered judgment on the verdict and refused defendant's motions for judgment n.o.v. and for a new trial. We find no basis for defendant's complaint on this appeal that the verdict was contrary to the charge of the court, that it was against the weight of the evidence, or that it was unconscionable; on the contrary, it would seem a fair and reasonable award under the circumstances.

Judgment affirmed.