# Samuel Heppenstall et al. *v.* Malachy O'Donnell, Appellant.

*Deed—Vendor and vendee—Incumbrances—Private way.*

Where an agreement to sell land "in fee simple clear of all incumbrances," contains no description of the land, but refers to a deed on record which describes the land by courses and distances, and as containing "ten acres, including a private road of twenty-five feet width, and said road containing sixty-one perches," the use of said road being conveyed, but not the fee, the agreement is sufficiently complied with by a tender of a deed describing the land exactly as it is described in the deed on record.

Argued Oct. 25, 1894. Appeal, No. 123, Oct. T., 1894, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1893, No. 450, on a verdict for the plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit to recover hand money paid on account of purchase of real estate. Before WHITE, J.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows:

" [The plaintiffs were not bound to search the record for the title of the defendant before signing the article of agreement; they had a right to rely upon the covenants of the defendant when the article of agreement was signed. Even if anything had been said about this right of way, a day or two before this article was signed, the plaintiffs would have a right to rely upon the covenant contained in the article of agreement, and that covenant is that the defendant would convey these ten acres with a general warranty, in fee simple, and free from all incumbrances; that is the covenant in the article of agreement. Now, the deed the defendant tendered was not such a deed; it did not convey the fee simple in the ten acres, because

this strip of land reserved by Moore and his wife, was a reservation of even more than a right of way; it was an express reservation of the fee simple of that strip of ground, 25 feet wide, and probably extending clear across the lot, at least embracing 61 perches.] [2] . . . .

" [The evidence of one witness, who went with Mr. Heppenstall on the premises a day or so before the article was signed, is not evidence that the plaintiffs knew of this right of way, in the terms reserved in the deed.] [3] . . . .

" [The defendant failing to tender such a deed as he was bound to make in pursuance of his article of agreement, the plaintiffs were not bound to pay any money at that time, and had a right to rescind the contract, on that ground, and demand that he should pay back the money they had paid him. The plaintiffs, therefore, are entitled to recover the five hundred dollars paid, with interest on it from that time to this.] " [1]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–3) instructions, quoting them.

*Thomas C. Lazear, J. J. Mitchell* and *Charles P. Orr*, with him, for appellant.—The deed of record was particularly referred to in the agreement, the volume and page being given, and it was plaintiffs' duty to examine it before signing the contract, and their neglect to do so was their own fault, and does not entitle them to claim a rescission of the contract. A rescission is allowed only on the ground of fraud or mistake: Bisph. Eq. § 472.

Moreover the agreement to convey was not by the acre, but for a round sum for the whole parcel, which was fully described by metes and bounds. A deficiency in the quantity would not, therefore, entitle plaintiffs even to an abatement of the purchase money. The quantity is introduced not by way of covenant but of description: Large v. Penn, 6 S. & R. 488; Riddle v. Foster, 32 Pa. 163; Coughenour's Adm'rs v. Stauft, 77 Pa. 191; Koch v. Dunkel, 90 Pa. 264.

The only incumbrance alleged was the road referred to in the Dollar Savings Bank deed. This, however, was not on the property conveyed in fee simple, for the ground over which the road passed was expressly excepted from the grant.

In Pegg v. Rist, 15 W. N. 70, the opinion indicates that if the deed had been referred to in the agreement it would have made a difference in the decision. Moreover there was an incumbrance in that case.

In Holton v. Walter, 5 Cent. R. 458, the court says that the deed referred to in the agreement was " matter of identification and description."

In Bank v. Alexander, 3 Cent. R. 388, a street had been laid out over the land which the bank had agreed to sell, and of which the vendee had no knowledge.

The only other case cited by plaintiffs was Wilson v. Cochran, 46 Pa. 229. If the road in question in this case is a public road, that case is against the plaintiffs. But if a private road, it is not an incumbrance on the land sold.

The second as well as the third assignment of error should be sustained, because the court did not submit to the jury the parol evidence that plaintiffs knew of the right of way before the agreement was signed: Boden v. Gallagher, 17 W. N. 235.

*W. K. Shiras, Geo. Shiras, 3d,* and *C. C. Dickey* with him, for appellee.—Plaintiffs had no knowledge, actual or constructive, of the existence of this outstanding interest until after the article of agreement had been signed and a portion of the purchase money paid.

One who purchases land without knowledge of any defect in his vendor's title will not be compelled to accept a doubtful title, or one that will probably require a lawsuit to establish its validity: Bank v. Alexander, 3 Cent. R. 388.

Plaintiffs were not compelled to examine the title to the land they were in hopes of acquiring. They had the right to rely upon the warranty of their vendor that he would convey to them a good and marketable title, in fee simple, free from all incumbrances: Pegg v. Rist, 15 W. N. 70; Stitzel v. Kopp, 9 W. & S. 29; Wilson v. Cochran, 46 Pa. 229.

. In an agreement for the sale of the vendee's interest, without warrant, expressed or implied, as to quantity in property described as known by a certain name, situate in a certain township, and the same property conveyed to the vendor by a certain deed, the reference to the deed is not a covenant that the quantity and boundaries shall be as therein set forth, but is merely

for the purpose of identifying the land in which the vendor owns the interest he is selling : Holton v. Walter, 5 Cent. R. 458.

OPINION BY MR. JUSTICE WILLIAMS, Jan. 7, 1895 :

On the sixth day of October, 1892, O'Donnell sold a tract of land in the city of Pittsburg to the plaintiff for twenty thousand dollars. Five hundred dollars of this sum was paid in hand, and · the remainder was to be paid in part and in part secured by mortgage upon the delivery of the deed. A deed was tendered to the plaintiffs, on the first day of November following, which they refused, alleging that it was not such a deed as they were entitled to under the terms of the written contract. They then brought this action to recover the hand money. Their right to recover depends on whether the deed tendered to them was a compliance with the contract of sale. The specific objection pointed out is that the deed was made subject to a private way across the tract which covers sixty-one perches of the surface. This it is urged is an incumbrance of which the plaintiffs had no notice and which the vendor was bound to remove. It becomes important therefore to examine the contract in order to determine what the vendor undertook to sell and what sort of a deed is necessary to enable him to perform his agreement. Looking at the contract we find that O'Donnell agreed to sell and convey to the plaintiffs, " in fee simple, clear of all incumbrances, all that certain piece or parcel of land situate in the eighteenth ward of the city of Pittsburg, Allegheny county, Penna., and being the same property described in deed from the Dollar Savings Bank to Malachy O'Donnell, the party of the first part hereto, dated the fifteenth day of March 1889, and recorded in the recorder's office of said county in deed book, vol. 626, page 402, containing ten acres, together with all and singular the buildings, improvements and the other premises." There was no description of the land sold to be found in the contract except as the description in the deed from the Dollar Savings Bank to O'Donnell was adopted and thereby practically incorporated into it. Without this the land could not have been identified. With it the description is clear both as to its lines and some of its adjoinders, and as to the alleged servitude now complained of. We must turn therefore to this deed in order to learn what the plaintiff did ·buy. There we

find the land fully described by the courses and distances of its exterior lines, with this addition, "said piece of land containing ten acres including a private road of twenty-five feet width, and said road covering sixty-one perches ; the use of said road, till lawfully made vacant, is hereby passed and conveyed but not the fee simple of the same." This is a clear statement of the situation of the land and of the existence of the private way over it that is now complained of.  It is incorporated into the contract under which they purchased by being referred to and adopted as the description of what O'Donnell proposed to sell and what they proposed to buy.  It is admitted that a deed was tendered to them describing the land exactly as it is described in the deed to O'Donnell.  Why should they not accept it? The negotiations for the purchase of this land were pending for some days.  One of the plaintiffs went upon the ground to examine its situation and surface.  Afterwards they entered into the contract, buying by the description contained in the deed under which O'Donnell acquired title, and, in the absence of fraud or mistake in the transaction such as would justify the reformation of a written instrument, they are bound by their contract as well as O'Donnell.  The learned judge erred therefore in instructing the jury that the defendant failed to tender such a deed as he was bound to make in pursuance of the articles of agreement.  The deed tendered was made in pursuance of the contract and was a fulfillment thereof.  ·

Again the learned judge said " The plaintiffs were not bound to search the record for the title of the defendant before signing the articles of agreement.  They had a right to rely on the covenants of the defendant when the article of agreement was signed."  So far as this instruction relates to the title of the defendant it was correct.  But so far as it relates to the thing sold they were bound to take notice of the description of the land which, instead of being copied at length, was adopted by an appropriate reference from the deed under which the vendor held.  In Pegg v. Rist, 15 W. N. 70, the grantee had no notice of the easements and incumbrances resting on the land.  He bought, in express terms, subject to the reserved right in the grantor to sell the underlying coal.  He could not be compelled to take subject to other easements of which he had no knowledge.  But here the fact that the way belonged to another

and was not the property of the vendor was stated in the description by which the sale was made and of which they were bound to take notice. The covenant to which the learned judge refers was a covenant to make a deed in fee simple clear of all incumbrances of the land the vendor bought from the Dollar Savings Bank. He covenants to convey nothing else. The words of the covenant are, " by deed of general warranty will well and sufficiently grant, convey and assure unto the said parties of the second part, their heirs and assigns, in fee simple, clear of all incumbrances, all that certain piece or parcel of land situate in the eighteenth ward of the city of Pittsburg, Allegheny county, Penna., and being the same property as described in deed from the Dollar Savings Bank to Malachy O'Donnell " etc. The land he agreed to convey can only be ascertained by consulting the description in the deed which is thus made a part of the contract, and which is the only description to be found in the instrument. The covenant to convey in fee simple clear of incumbrances relates to the land as so described. The plaintiff had a right, as the learned judge said, " to rely upon the covenant contained in the article of agreement," but the description of the land was a part of the covenant. It showed to what the promise to convey in fee simple related, and the mistake made was in attempting to detach the description of the land to be conveyed from the promise to convey.

For these reasons the judgment appealed from is now reversed.