THE KANSAS CITY, MEXICO & ORIENT RAILWAY
COMPANY v. E. J. LITTLER.

No. 13,856. (79 Pac. 114.)

SYLLABUS BY THE COURT.

RAILROADS — *Right of Way — Proof of Consequential Damage.* Upon an appeal from an award of commissioners giving L. damages for the taking of a right of way for a railroad, he sought to prove consequential damage to his land as an entire tract. It had, however, before this been divided by the right of way of another railroad. To establish his ownership, he introduced a deed under which he claimed title, which excepted from its operation the right of way of the other railroad. *Held,* that under this state of the proof he was not entitled to introduce evidence of the consequential damage occasioned to the entire tract.

Error from Chase district court; DENNIS MADDEN, judge.   Opinion filed January 7, 1905.   Reversed.

*John A. Eaton*, and *F. A. Meckel*, for plaintiff in error.

*Redden, McKeever & Gilluly*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: This action was an appeal by Littler to the district court of Chase county from the award of commissioners assessing damages because of the condemnation of a right of way across his lands for the use of the railroad of the plaintiff in error.

The right of way sought to be taken was a strip 100 feet wide across the northeast quarter of section 19, in general direction from east to west, dividing the quarter-section into two equal parts, approximately. Through the north half, and nearly parallel with the proposed right of way, is the right of way of the Atchison, Topeka & Santa Fe Railroad Company.

In making his case and to show title in him to the land which he claimed was damaged, Littler introduced a deed under which he claimed. The description in it was as follows:

"The northeast quarter of section nineteen (19), township nineteen (19), range nine (9), excepting the right of way of the A. T. & S. F. Railway Co., being —— acres more or less, also excepting public highways."

After the introduction of this deed the plaintiff, further to prove his case, produced evidence to show the damage to all the land not taken by the Orient company in this quarter-section—that on the north of the right of way of the Santa Fe company as well as that on the south.   The defendant company ob-

jected to this evidence because it was incompetent, irrelevant, and immaterial, upon the theory that the plaintiff's land in the quarter-section consisted of two separate tracts divided by the Santa Fe right of way, and, therefore, being thus segregated, that he could recover only for such consequential damage as was suffered by that portion south of the Santa Fe right of way.

In such an action as this damages, as a general rule, must be confined to the tract of land over which the right of way is condemned, and cannot include separate and segregated tracts unless they are used together as one farm, and the owner has, as a matter of right, means of communication between them. In some cases parcels of land separated by a public highway, but used together, have been treated as one tract, because the public highway affords a rightful passageway between them, but the intervention of lands across which the owner has not such right would be a barrier to a recovery for such consequential damage.

In this case the Santa Fe company had built, and was operating, its line across the land in question, and, if the fee in the strip of land so occupied by that company was not vested by the deed in question in the plaintiff below, then the land on the north of that road was severed from that on the south ; and in that case the plaintiff would not be entitled to recover any consequential damages to so much of the land as lay north of the Santa Fe railroad.

The burden of proving all facts necessary to recover rested upon the plaintiff. One of these facts was that these tracts of land separated by the Santa Fe railroad, and thus apparently segregated in such manner as to prevent a recovery for consequential damage to

the portion lying north of that road, were really not so segregated; that the plaintiff had such interest in the fee of the strip of land occupied by the right of way of this road, or such right of passage across it, as would give him the right to go from the north part of his land to the south across that right of way, and thus permit the use of the two tracts as one farm.

We do not think that the language of the deed which he introduced was sufficient to establish this right in him.    There was some interest in the quarter-section that the deed did not pass to the plaintiff; it excepted "the right of way of the A. T. & S. F. Railway Co." It is a matter of common knowledge that the term "right of way" is used, even by the learned, indiscriminately to describe not only the easement which a railroad may obtain by condemnation under our present law, but as well to describe the strip of land which a railroad company occupies for the use of its track, no matter by what title it may hold the same. Probably the greater number of people, when they speak of the right of way of a railroad company, have in mind the ownership of such strip of land.    These rights of way are held by the railroads by various titles.    Prior to 1868 condemnation proceedings vested in them the fee-simple title.    In other cases rights were acquired by deed of lease.    In others, and perhaps the larger number, the mere easement, technically known as a right of way, was acquired by the condemnation proceedings now known to our law.    It is clear that this term, as generally used, has no exact and well-defined signification.    Again, the term "excepting" is such a one as in exact legal phraseology would be construed as retaining in the grantor the fee to the real estate described, instead of merely re-

serving from the operation of his warranty deed the mere incorporeal hereditament of a right of way ; but this term as well is subject to explanation. It is sometimes used in its strict legal sense of retaining something from the grant and at others in the sense of "reservation," which is a taking back from a grant a right conveyed by it amounting to a mere corporeal hereditament. It may have been the purpose of the grantor to use the term in either of these senses.

It is urged by the defendant in error that all these doubts are to be resolved in favor of the grantees under that deed, and being thus resolved the deed shows title in fee simple in Littler, subject only to the technical right of way. This may be the general rule of interpretation as between grantor and grantee, though many respectable authorities doubt even this. It certainly would not be the rule in such a case as is here presented. In our judgment, the language of the deed relative to the interest retained by the grantor contains a latent ambiguity, from which it is impossible, without further explanation, to determine what the rights of the plaintiff below thereunder were, and, as the burden rested upon him, it was his duty to solve this ambiguity before being permitted to recover ; and the evidence which was introduced to prove his resultant damage should not have been admitted until this ambiguity was so solved.

The judgment is reversed, and the cause remanded for further proceedings.

All the Justices concurring.