# Rodgers, et al., Appellants, v. Pittsburgh, Fort Wayne & Chicago Railway Company, et al.

*Eminent domain—Right of way—Grant—Width of right of way —Construction—Intention.*

1. Where a deed to a railroad company conveys "the full and perfect right of way through and over said lots or lands" for railroad purposes, but does not designate or specify the width of the right of way, the railroad company has the right to appropriate land of such width as the board of directors in the exercise of their honest judgment deem necessary for the future as well as for then existing railroad purposes.

2. Where in such case a few days after the conveyance the railroad company in eminent domain proceedings condemned a right of way on either side of said grant eighty feet in width and connecting with the grant, and filed a description of the lands taken by it in the condemnation proceedings with the clerk of the Common Pleas Court as required by its charter, it thus indicated to the grantor in such deed just what the width of the right of way through his intervening property would be and thereby became entitled to a right of way eighty feet in width under such deed.

3. In an action of ejectment brought by the record owner of the land through which the right of way was granted for a part of the land in the possession of the railroad company and included within the eighty-foot right of way, where it appeared that the full width of eighty feet was unused from the time of the conveyance in 1850 until 1883, and that thereafter the railroad company occupied the full width of eighty feet until the action was brought in 1911, that no claim in opposition to the right of way had theretofore been presented, and that the possession of the railroad company was manifest to plaintiffs at the time when they acquired title, defendants were not estopped to claim title to a right of way eighty feet in width under its grant and the court properly directed a verdict for defendants.

4. In such case where it appeared that the railroad was built upon an embankment, the lower court properly decided that the right of way could not be restricted to the level top of the eighty-feet wide embankment, but also carried with it necessary slopes, although such slopes extended in some places forty feet beyond the eighty-foot right of way.

5. Where in such case it appeared that there was some part of the land described in the writ to which plaintiffs were entitled but

where the limits of such land were not described in the testimony and did not appear in the case, the court properly refused to permit recovery for a fractional part of the land described in the writ.

Argued Oct. 9, 1916.   Appeal, No. 240, Oct. T., 1915, by plaintiffs, from judgment of C. P. Allegheny Co., Dec. T., 1911, No. 432, on directed verdict for defendant, in case of William B. Rodgers and James H. Horner v. Pittsburgh, Fort Wayne & Chicago Railway Company, a Corporation, and the Pennsylvania Company, a Corporation.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ.   Affirmed.

Ejectment- for a strip of land in Allegheny County. Before REID, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant by direction of the court and judgment thereon.   Plaintiffs appealed.

*Error assigned,* among others, was in directing a verdict for defendant.

*S. S. Mehard,* with him *C. D. Scully* and *C. B. Mehard,* for appellants.

*W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, January 8, 1917:

In this ejectment both parties claim from Benjamin Dilworth as the common source of title.   At the conclusion of the testimony a verdict was directed for the defendants.   At the time the learned trial judge affirmed defendants' point for binding instructions, he gave no reason for so disposing of the case, but subsequently, in the opinion overruling plaintiffs' motion for a new trial, the reasons are stated at length.

The land in controversy is claimed by the defendants as part of their right of way, acquired from Benjamin Dilworth in 1850, by grant from him to the Ohio & Pennsylvania Railroad Company, their predecessor in title. Their claim is that the right of way so acquired was eighty feet in width, and, if this be true, as the court below held, under the record and documentary evidence in the case, the plaintiffs are not entitled to recover, as the strip of land in controversy is within the eighty feet.

The Ohio & Pennsylvania Railroad Company, to whose rights the appellees have succeeded, was incorporated by Act of April 11, 1848, P. L. (1849), 754, and by its charter was authorized to enter upon any land and appropriate as much thereof as might be deemed necessary for its corporate purposes. Nothing is said in the act as to the width of a strip of land that it was so authorized to take. A portion of its proposed road was located through lands of Benjamin Dilworth, and on May 5, 1850, he granted to it by deed "the full and perfect right of way through and over said lots or lands" for its railroad purposes. With the grant indefinite as to the width of the right of way, what did the railroad company take under it? It clearly had the right to appropriate land of such width as its board of directors, in the exercise of their honest judgment, deemed necessary for the future as well as for then existing railroad purposes: Railway v. Peet, 152 Pa. 488.

The Ohio & Pennsylvania Railroad Company was not able to agree with the owners of lands immediately east and west of the Dilworth tract, and, within ten days from his grant to it, condemnation proceedings were instituted by it for the assessment of damages to be paid to those owners. The record of the condemnation proceedings, properly admitted in evidence to show what the railroad company then regarded as a necessary width for its right of way, established the fact that, at the time Dilworth executed his grant to it, it claimed and obtained, by proper adverse proceedings, from the adjoining owners,

a right of way eighty feet in width through their properties. But it is contended that, notwithstanding this, as the railroad company, under the grant to it from Dilworth of a right of way indefinite in width, occupied and used, from 1850 to 1883, a strip of land only thirty-two feet wide through his property, it thereby established the width of the right of way, beyond which neither it nor its successors in title could subsequently go in the construction or widening of their roadbed, and that the land outside of that width is in the appellants, Dilworth's successors in title. But for the fact that the railroad company, by its condemnation proceedings, clearly indicated to Dilworth, within a few days from his grant to it, that the right of way which it would require would be eighty feet in width, there might be force in appellants' contention, and Philadelphia & Reading Railroad Company v. Obert, 109 Pa. 193, might support it. The statute incorporating the railroad company required it to deposit with the clerk of the Court of Common Pleas a description of the lands taken by it under condemnation proceedings, and, in a proper draft so deposited, the lands taken by it to the east and west of the Dilworth tract were described by metes and bounds, running up to that tract on each side of it. There was thus indicated to Dilworth just what the width of the right of way would be through his intervening property. If the railroad company so indicated the width to him, as it manifestly did, his grant passed such width to it, and its nonuser of the entire width for a period of years was not an abandonment of the portion not used: Railway v. Peet, supra.

At the time appellants' predecessors acquired title it appeared from the acts of the appellees upon the ground that they claimed title to land lying between the center line of its road and a line forty feet distant therefrom on each side. When these appellants acquired their title in 1900, this was manifest to them, and there was no evidence that, from 1884 down to the time this action was

brought, any claim had ever been made by any one in opposition to the right of way claimed by the appellees. On the contrary, in a letter written to the Pittsburgh, Ft. Wayne & Chicago Railway Company by William B. Rodgers, one of the plaintiffs, on April 23, 1904, he distinctly recognized the company's right of way "40 feet wide on the south side of your center line." It is not necessary to refer to other matters taken into consideration by the court below in sustaining the action of the trial judge in directing a verdict for the defendants. It was properly directed for the following taken from that opinion: "The court being of the opinion that under the original charter act, the Dilworth grant and the definition by condemnation proceedings of the claimed right of way of the Ohio & Pennsylvania Railroad immediately to the east and west of the Dilworth land, as 80 feet in width, and that the railway was not bound to use its entire property to the full width until the exigencies of traffic required it, directed a verdict for the defendants. If the court were right in this view, it followed that the defendants' occupancy of the land formerly of its grantor could not be limited to the level top of the 80-feet wide embankment, but also carried with it necessary slopes on the river side, which in places extend 40 feet beyond the top line of the level roadbed. It was contended that in any event there was some space between the foot of such slope and plaintiffs' southern property line for which plaintiffs were entitled to a verdict. The court declines to accept this view, since, to recover any such fractional part of the ground described in the writ, the jury must have been able to describe the property for which such a verdict could be rendered, and there was no definite and certain limits fixed in or presented by the plaintiffs' testimony or appearing in the case. To have allowed the jury to pass upon that question would have been asking them to guess at the metes, bounds and area."

Judgment affirmed.