## Weil et al., Appellants, *v.* Power Building and Loan Association.

Argued October 3, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, RHODES and HIRT, JJ.

The facts are stated in the opinion of the court below, by SMITH, P. J., as follows:

On July 3, 1933, plaintiffs issued a summons in assumpsit against the defendant, service of which was accepted July 7, 1933. Not until November 16, 1939

did plaintiffs file their statement of claim, whereupon defendant on November 21, 1939 took a rule on plaintiffs for judgment of non pros., to which plaintiffs filed their answer on December 9, 1939.

According to the statement of claim the plaintiffs, on October 30, 1923 became the holders of ten double shares of the Oregon Avenue Building and Loan Association which the directors of that association declared matured on January 26, 1931. Thereafter, on June 16, 1931, the stockholders of this association voted on the question of disposing of the assets of the association to the defendant association but plaintiffs did not vote for or against said merger. That on September 28, 1931 the merger was completed by the filing of a certificate with the Secretary of Revenue of Pennsylvania and on July 11, 1931 (after the meeting of the stockholders and before the filing of the certificate) the plaintiffs gave notice of withdrawal of their stock.

The Banking Department valued plaintiffs' stock at 79.9252% or $1342.74 which value was adopted by the defendant association, and the plaintiffs claim this sum of the defendant association.

The defendant's petition for judgment of non pros. recites that due to the fact that no statement of claim was filed for more than six years after the issuance of the summons and more than eight years after the sale of the assets to the defendant association, the defendant long since considered the action of plaintiffs abandoned by them and guided itself accordingly in its dealings with creditors and other shareholders of the Oregon Avenue and Power Building and Loan Associations, and that plaintiffs have been guilty of laches.

Plaintiffs answered that the defendant had notice of their claim prior to the completion of the sale of the assets of the Oregon Avenue Building and Loan Association to the defendant association; that a trust relationship was created by the failure of defendant, after notice, to set aside moneys for the plaintiffs and laches

therefore cannot apply; that defendant's petition does not show that it was adversely affected by the filing of the statement of claim and that the plaintiffs were "led to believe that a satisfactory adjustment would be made after the merger" and that plaintiffs "were lulled into security by the statements made by persons interested in the petitioner's association."

Plaintiffs do not state that it was anyone in authority in the association who lead them to believe that a satisfactory adjustment would be made or who lulled them into security and therefore they are unauthorized statements and of no value to plaintiffs.

Our attention is called by defendant's counsel to the fact that in 1936 Judge KUN of the Court of Common Pleas No. 1 entered an order permitting this defendant association to reduce its liability to its shareholders. We have examined the record of this proceeding and find therein that a notice was sent to plaintiffs, among others, on February 3, 1936 concerning the proposed reduction, which notice, in part, stated: "If you consent to the proposed action, which we have no doubt you will, it will not be necessary for you to attend the hearing or to take any other action at the present time" and such hearing was set for February 14, 1936. Despite such notice the plaintiffs took no action and did not file their statement until three years and nine months later. While it was plaintiffs' constitutional right to refuse to become members of the Power Building and Loan Association, defendant, and not even a statute could take away that right: *Lauman v. Lebanon Valley R. R. Co.*, 30 Pa. 42; *Nice Ball Bearing Co. v. Mortgage Building and Loan Association*, 310 Pa. 560, nevertheless the plaintiffs could either expressly or by their conduct waive such right, and we are of the opinion that plaintiffs by their long delay in filing their statement after issuing their summons evidenced their intention to abandon their suit.

Plaintiffs by their summons affected to some degree

the value of the stock of the other shareholders of the constituent association and it was incumbent upon them to prosecute their suit with diligence. The legislature recognized such a duty of diligence in the Act of May 15, 1933, P. L. 794, #115, section 1, by prescribing that a shareholder such as the plaintiffs here shall commence proceeding to enforce his rights within six months after the date upon which the merger and consolidation has become effective. Plaintiffs here issued their summons July 3, 1933 within the six months period of the effective date of the act, but then did nothing more until November 16, 1939 when they filed their statement of claim.

In *Potter Title & Trust Co. Admr. v. Frank*, 298 Pa. 137, the court said:

"The question of granting a non pros. on account of plaintiff's laches, in such case, is addressed to the discretion of the trial court, with which an appellate court can interfere only to correct an abuse thereof: *Forrest v. P. R. T. Co.*, 261 Pa. 383, 388. In *Ins. Co. v. Clinger*, 10 Pa. Superior Ct. 92, Judge BEEBER, speaking for the court says (page 102): 'There is no fixed rule as to the length of delay that will prevent plaintiffs proceeding. It is a question of discretion controlled by the facts of the particular case, and the decision of the court below will not be reversed unless there is a manifest abuse of discretion.' ...... True, the defendants could have forced the issue, but were not bound to do so. Why should they voluntarily incur the trouble and risk of expensive litigation? In *Waring Bros. & Co. v. P. R. R. Co.*, 176 Pa. 172, 178, a leading case upon the question of laches, Mr. Justice GREEN, speaking for the court, says (page 178): 'The full period of the statute had expired more than twice over before the declaration was filed, and if such a delay in prosecuting an action may be practiced with impunity, it is not easy to see that there is any limitation of time within which a plaintiff may harass a defendant by a mere suit without pleadings thus clouding

his title, disturbing his peace and damaging his business. It is no reply to say that the defendant could compel the plaintiff to declare his cause of action. It is not his duty to do so, but it is the plaintiff's duty to proceed with his cause within a reasonable time. He is the actor and must act, or fail of his action.' " ......

"Laches does not depend on the statute of limitations, but on whether due diligence has been shown and, if not, whether the delay has been prejudicial to the adverse party: *McGrann v. Allen et al.,* 291 Pa. 574. See also *Townsend v. Vanderwerker,* 160 U. S. 171. Nevertheless, as a general rule, where the plaintiff suffers a pending suit to remain without action on his part for over six years, it might, unless there was compelling reason therefor, be treated as abandoned and a non pros. properly entered. This conclusion finds support in recent decisions. In *Prettyman v. Irwin,* 273 Pa. 522, 526, we hold, in effect, that an action will ordinarily be adjudged abandoned where plaintiff permits it to sleep for a longer period than is allowed for the commencement of the suit, unless the laches is satisfactorily explained."

In the present case the laches was not satisfactorily explained and more than six years and four months have elapsed from the issuing of the summons to the filing of the statement of claim. More than eight years have elapsed from the time plaintiffs state they gave notice of the withdrawal of their stock to the date of the filing of their statement of claim.

We are of the opinion that plaintiffs have not prosecuted their cause with the due diligence required of them and that the defendant's rule for judgment of non pros. should be made absolute.

Plaintiffs appealed.

*Isaac S. Grossman,* with him *Hugh McAnany,* for appellants.

*C. Laurence Cushmore, Jr.,* with him *White & Staples,* for appellee.

PER CURIAM, November 13, 1940:

To the authorities cited by President Judge SMITH in his clear and convincing opinion entering judgment of non pros. because of the laches of appellants in prosecuting their action—see Reporter's statement—may be added the case of *Ulakovic v. Metropolitan Life Ins. Co.,* 339 Pa. 571, 16 A. 2d 41, (MAXEY, J.) decided on October 28, 1940, after Judge SMITH'S opinion was filed. They fully warrant the action of the court below from which this appeal was taken.

Judgment affirmed.