Geyer *v.* Walton et al., Appellants.

Argued December 7, 1942.

Before KELLER, P. J., BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Frederick B. Smillie,* of *Smillie & Bean,* for appellant.

*Paul P. Wisler,* for appellee.

OPINION BY BALDRIGE, J., February 26, 1943:

Plaintiff brought this suit on January 12, 1928, to recover liquidated damages for an alleged breach of an agreement 'of sale dated May 11, 1927, involving a farm situate in Montgomery County. The case was tried before a visiting judge without a jury early in 1929 and shortly thereafter, and before a decision had been rendered, the trial judge died. The original papers and notes of testimony, probably in his possession, were never found.

No further move was made until April 25, 1940, when the plaintiff presented a petition stating his desire to have the case disposed of in a trial without a jury and asking the court that the copy of the records attached to his petition be permitted to be introduced in evidence in lieu of the original and that the defendants and he be allowed to produce new evidence. After an answer had been filed to this petition and argument had the court granted the petitioner's prayer and ordered the case to be put on the equity list for trial before a judge without a jury. Harry M. Walton, one of the defendants, died on December 9, 1939, and his executors were substituted as defendants.

The record discloses that Walton and his wife obligated themselves by the agreement to sell certain real estate, to which we will refer later, to Robert K. Geyer, and "to convey good and marketable title ...... clear of all encumbrances ...... easements and servitudes." Geyer, at the time of the settlement, refused to accept defendants' deed as the title policy showed an existing easement in the form of a water right giving an adjoining land owner the privilege to maintain a dam on the Walton land. The defendants tried to secure a release of this servitude but were unsuccessful. The trial resulted in CORSON, J. finding for the plaintiff in the sum of $1000 as damages plus interest of $250 and 6 cents costs. Exceptions to the court's action were dismissed and this appeal followed.

The amount of the damages found was in accordance with the terms of the agreement which provided: "...... that time is of the essence of this contract; and that $1000 of the purchase price shall be regarded as liquidated damages for default in this agreement, ......" If the plaintiff was entitled to recover any damages, and we think he was, we see no valid reason why the amount, if reasonable, should not have been determined by a mutual agreement of the parties. The

court, in fact, relieved defendants of a large portion of the interest because of the unusual circumstances. There was testimony that when Geyer objected to the title the Waltons offered to return the $500 down payment. Notwithstanding such offer may have been made they unquestionably had the use of that sum during the long period this litigation was pending. We see no just reason to complain of the amount the court found due and owing. The delay was due mainly to a number of vicissitudes attending this case, over which plaintiff had no control. Be that as it may, the appellants very properly conceded at the argument of this appeal that Geyer should not be penalized for a failure to promptly prosecute his case. Our Supreme Court has recently pointed out that there is no fixed period beyond which delay in prosecuting a pending action becomes fatal. The matter is determinable by the .trial court and subject to appellate control only upon abuse of discretion: *Pennsylvania Railroad Company v. Pittsburgh,* 335 Pa. 449, 454, 455, 6 A. 2d 907; *Wargovich, Exr. v. Metropolitan Life Insurance Co.,* 136 Pa. Superior Ct. 421, 431, 7 A. 2d 568. The delay was not an important, or at least a controlling, factor in the ultimate result reached.

The real question before us involves a construction of the terms of the agreement. Was it enforceable? It described in typewriting the premises intended to be conveyed as follows: "ALL THAT CERTAIN FARM and messuage and tract of land in Worcester Township, Montgomery County, Pa., Containing 29¾ (twenty-nine and three-quarters) Acres of land more or less adjoining lands of Phillip Erban and others." Immediately thereafter appeared the following notation, written in ink: "Recorded in Deed Book No. 410, Page 201." That deed described the farm in question and specifically mentioned the easement. There was a dispute whether the reference to the deed was in the agreement when

executed by the Waltons or later inserted. The court upon sufficient evidence found it was in the agreement prior to its execution, thus eliminating that factor in the case.

The appellants' contention is that the description of the property in the agreement did not adequately identify it; that to determine its location and property lines it was necessary to refer to the recorded deed, so, that instrument was a part of the agreement. If that contention is sound the plaintiff was bound to accept the property subject to the encumbrances mentioned therein. The case of *Heppenstall et al. v. O'Donnell,* 165 Pa. 434, 30 A. 1003, relied upon by the appellants, fails to give them the support they claim. There, O'Donnell by the agreement of sale convenanted to convey "in fee simple, clear of all incumbrances, all that certain piece or parcel of land situate in the eighteenth ward of the city of Pittsburgh, Allegheny County, Penna., and being the same property described in deed from the Dollar Savings Bank to Malachy O'Donnell, the party of the first part hereto, dated the fifteenth day of March 1889, and recorded in the recorder's office of said county in deed book, vol. 626, page 402, containing ten acres, together with all and singular the buildings, improvements and the other premises." It will be noted that there is no description of the property in that agreement. The parties agreed to rely upon the one given in the deed referred to. There can be no question about that. In the deed tendered by O'Donnell the land described therein was subject to a right of way covering sixty-one perches of its surface. This easement appeared in the recorded deed to which reference was made. The vendees refused to accept the deed because of an encumbrance of which they claim they had no notice and should have been removed. They brought suit to recover the money paid on account and obtained a judgment. The Supreme Court on appeal

held the recorded deed containing the easement was part of the contract and reversed the judgment obtained by the plaintiffs. In the course of the opinion it is stated, p. 439: "The covenant ...... was ...... to make a deed in fee simple clear of all incumbrances of the land the vendor bought from the Dollar Savings Bank. He covenants to convey nothing else ...... The land he agreed to convey can only be ascertained by consulting the description in the deed which is thus made a part of the contract, and which is the only description to be found in the instrument. The covenant to convey in fee simple clear of incumbrances relates to the land as so described."

In the instant case the agreement set forth the township within which the land is located, the acreage was given, and an adjoiner was named. We agree with Judge CORSON that from the typewritten description alone the identity of the farm was readily ascertainable and in fact was well known to the parties. The record does not disclose any difficulty in locating it. There was no indication in the agreement that it covered "the same property described in the deed" or that the deed was used in lieu of a description in the agreement as in the Heppenstall case. Furthermore, the deed referred to in the present case (the date of which does not appear) recorded in Deed Book Vol. 410, page 201, was not that of the immediate grantor, but it is one farther back in the chain of title. The Walton deed was dated June 14, 1926, and recorded in Deed Book Vol. 995, page 29, etc. The simple reference to an old deed in the chain of title did not charge the plaintiff with knowledge of an easement named therein, which may have been released years ago. The defendants agreed to convey the land free of encumbrances and the plaintiff had the right to insist on their so doing.

The court below correctly decided that this case is ruled by the line of cases represented by *McDermott v.*

*Reiter et ux.*, 279 Pa. 545, 124 A. 187. There the defendants agreed to sell and convey to the plaintiff "All that certain three story semi-detached brick house and garage, known and situate at No. 1903 Wynnewood Road in the 34th Ward of the City of Philadelphia." The purchasers learned that the rear five feet of the lot were part of a ten foot wide alley over which tenants and owners of other lots abounding thereon had free passage. The Supreme Court decided that the description was sufficiently definite, without mentioning the size of the lot or referring to the deed, and that the purchasers were not required to take it with the encumbrance in view of the express agreement to convey the property free and clear of all easements. The court held, p. 547, that if a covenant against encumbrances is express an agreement is enforceable even though the vendee knows of the existence of an encumbrance. See, also, *Moyer v. De Vincentis Con. Company*, 107 Pa. Superior Ct. 588, 594, 164 A. 111, and *Patterson v. Freihofer*, 215 Pa. 47, 64 A. 326.

We find no merit in any of the assignments of error which are severally overruled.

Judgment is affirmed.