## Houck v. New Holland Borough

*M. Edna Hurst, John M. Groff,* and *J. Farrell Garvey,* for plaintiff.

*Windolph & Mueller, M. G. Schaeffer, John A. Coyle,* and *Arnold & Bricker,* for defendant.

SCHAEFFER, P. J., August 4, 1944.—This is a rule for judgment of non pros in an action of trespass brought December 2, 1930, to recover damages for an alleged diversion or diminution of water in a stream running through plaintiff's pasture land, in a mill race leading to plaintiff's mill, and in plaintiff's well, averred to have been caused by defendant's taking of certain springs.

Plaintiff's statement of claim was filed on September 23, 1932. No further action was taken in the case until April 1, 1936, when the present counsel entered his appearance for plaintiff and the latter placed the case on the trial list for the May term of court, 1936. It was then continued on plaintiff's motion at the call of the trial list on account of the illness of one of plaintiff's witnesses. Nothing further was done by plaintiff until about seven years thereafter when the case was placed again on the trial list for the January term of court, 1944. Defendant thereupon moved for judgment of non pros and contends that more than 13 years have elapsed since the suit was brought; that certain material witnesses have died, others grown old or moved away; and that all original counsel are now deceased or no longer practicing law.

According to the depositions on behalf of defendant three of its witnesses are now deceased, and it was testified that Harry Witman, one of the three witnesses, was a material and necessary witness whose testimony could not be supplanted by other witnesses, which is denied by plaintiff. The depositions on behalf of plaintiff set forth that in December 1930 three separate suits were brought by different parties against the Borough of New Holland for damages alleged to have been sustained from the same cause of action as is involved in the instant case. One of them, in which Isaac F. Diehm was plaintiff, was tried in 1935 before

a jury and a verdict rendered in favor of plaintiff. It was affirmed on appeal by the Superior Court on April 15, 1937. Plaintiff considered the Diehm case in the nature of a test case, but there was no understanding to that effect between plaintiff and defendant borough or its counsel. Defendant claims that the main facts in the Diehm case are not similar to the instant case. It was testified by counsel for plaintiff that he was under the impression, after a conversation with the secretary of defendant borough council in the spring of 1943, that this case as well as other outstanding cases of a similar nature against the borough "would be settled amicably". This is denied by defendant as well as its counsel, who testified that there was never any authorization or negotiation for settlement.

It is the duty of plaintiff, not of defendant, to prosecute a suit with reasonable diligence. Defendant may force the issue but is not bound to do so: Hruska et al. v. Gibson, Exec., 316 Pa. 518. In Ulakovic v. Metropolitan Life Insurance Co., 339 Pa. 571, 575, Mr. Chief Justice Maxey said:

"It has always been the policy of the law to expedite litigation and not to encourage long delays. From this fact arose the various statutes of limitations, and the reasons why the law is unfavorable to delayed litigation are self-evident. If any person has a right which he wishes enforced, he should enforce it promptly. The person against whom the right is to be enforced might be greatly prejudiced by plaintiff's delay. Witnesses disappear or remove to distant parts and the entire aspect of the parties on both sides may change with the lapse of time."

Whether there has been undue or unreasonable delay in the prosecution or trial of a suit so as to warrant the entry of a non pros depends upon all the facts of a particular case and not merely upon the length of time which has elapsed. As stated in Pennsylvania Railroad Co. v. Pittsburgh, 335 Pa. 449, 455: "There is no fixed

rule as to the length of delay that will prevent plaintiff's proceeding. It is a question of discretion controlled by the facts of the particular case. . . ." See also Geyer v. Walton et al., 151 Pa. Superior Ct. 549. In entering a non pros where there has been delay in the prosecution of a suit the question arises whether, under the facts and circumstances, the delay constitutes laches or raises a presumption of the abandonment of the suit. In Weil et al. v. Power Building & Loan Assn., 142 Pa. Superior Ct. 257, 261, quoting from Potter Title & Trust Co., Admr., v. Frank, 298 Pa. 137, it is said:

" 'Laches does not depend on the statute of limitations, but on whether due diligence has been shown and, if not, whether the delay has been prejudicial to the adverse party: McGrann v. Allen et al., 291 Pa. 574. See also Townsend v. Vanderwerker, 160 U. S. 171. Nevertheless, as a general rule, where the plaintiff suffers a pending suit to remain without action on his part for over six years, it might, unless there was compelling reason therefor, be treated as abandoned and a non pros properly entered. This conclusion finds support in recent decisions. In Prettyman v. Irwin, 273 Pa. 522, 526, we hold, in effect, that an action will ordinarily be adjudged abandoned where plaintiff permits it to sleep for a longer period than is allowed for the commencement of the suit, unless the laches is satisfactorily explained.' "

In the instant case the court finds that such satisfactory explanation has not been made. The long delay of about 13 years in bringing the case to trial is adjudged "to be in legal effect an abandonment of the action" as decided in Ulakovic v. Metropolitan Life Insurance Co., 339 Pa. 571. The delay is more than twice the length of time allowed by the statute of limitations to bring the suit and more than six years elapsed from the time the case first appeared on the trial list in 1936 before any further action was taken in court. Under the particular facts and circumstances of this

case, the undue delay warrants a judgment of non pros.

And now, August 4, 1944, the rule for judgment of non pros is made absolute and the court hereby enters a judgment of non pros.