Graybill et ux. *v.* Hassel, Appellant.

Argued March 24, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, and ARNOLD, JJ. (ROSS, J., absent).

*Bernard M. Zimmerman,* with him *W. Hensel Brown* and *Merrill L. Hassel,* for appellant.

*Anthony R. Appel,* with him *Herbert S. Levy* and *Appel, Ranck, Levy & Appel,* for appellees.

OPINION BY HIRT, J., July 20, 1950:

The defendant entered into a written agreement with plaintiffs, as owners, for the purchase of a tract of land for a total consideration of $13,800. By the sales agreement, the plaintiffs agreed to convey the land "in fee simple with a good and marketable title, clear of all liens and incumbrances, . . . except as hereinafter specially reserved . . ." The agreement described the premises to be conveyed as "All that certain lot or tract of land with a frame House and frame barn thereon erected located in the Townships of Drumore and Martic in Lanc. County, Penna. and situated approximately 2 miles South West of the Buck, on road from Buck to Liberty Square. This property was deeded to Omar M. Graybill and wife by Paul L. Graybill and wife and is known locally as the lower Steinman Farm. *This property contains 124 acres, more or less, including Penna. Water and Power Company right-of-way."* The italics indicate the recital in the sales contract which gives rise to the present controversy. A search of the title for the defendant, *after* execution of the agreement, disclosed that the interest of Pennsylvania Water and Power Company in the land was not an easement of right-of-way merely, but that the Power Company was the owner in fee, under a conveyance from a former owner, of the strip of land containing 12.718 acres, running

diagonally through the tract, dividing it into two parts. On this strip of land the Power Company has maintained an electric transmission line.

At settlement time the defendant refused to pay the full consideration of $13,800 but asserted a right to a reduction of $1,415.39 in the purchase price on the principle of *Merritz v. Circelli et ux.*, 361 Pa. 239, 64 A. 2d 796. This amount is in the same ratio to the full purchase price as the 12.718 acres of land owned by the Pennsylvania Water and Power Company bear to the 124 acres which plaintiffs were to convey under the terms of the agreement. It was thereupon agreed that the sales agreement be submitted to the lower court for construction, in an amicable action on a case stated, to determine whether by its terms plaintiffs were bound to convey 124 acres of land to defendant in fee simple, for $13,800, subject only to the use of the land in question as a right-of-way by the Power Company or, on the other hand, whether defendant was put on notice that the "right-of-way" included in the 124 acres was a strip of land owned by the company in fee simple. Pending a decision by the lower court defendant deposited $1,415.39 in escrow to abide the result. And by agreement, the defendant, after deducting that amount, then paid the plaintiffs the balance of the purchase price of $13,800 and accepted a deed from plaintiffs which contained a reservation of the strip of land in question. The court concluded that the case was ruled against the defendant by the principle of *Heppenstall et al. v. O'Donnell*, 165 Pa. 434, 30 A. 1003, and accordingly entered judgment in favor of the plaintiff and against the defendant in the sum of $1,415.39 to be paid by the fund held in escrow for the purpose.

Although the judgment will be affirmed we cannot agree that the Heppenstall case controls the result. By the terms of the articles of agreement in that case

the defendant agreed to convey to plaintiffs "in fee simple, clear of all incumbrances, all that certain piece or parcel of land situate in . . . the city of Pittsburg, Allegheny county, Penna., and being the same property described in deed from the Dollar Savings Bank to Malachy O'Donnell . . . recorded in the recorder's office of said county in deed book, vol. 626, page 402, containing ten acres . . ." The deed referred to in the contract in that case described the land fully by courses and distances with this addition: "said piece of land containing ten acres including a private road of twenty-five feet width, and said road covering sixty-one perches; the use of said road . . . is hereby passed and conveyed but not the fee simple of the same." The holding of the Heppenstall case is that, although the plaintiff purchasers were not bound to search the title to the land before signing the agreement, but could rely on defendant's covenants contained in the agreement, yet, "so far as it relates to the thing sold they were bound to take notice of the description of the land which, instead of being copied at length, was adopted by an appropriate reference from the deed under which the vendor held". And since the description of the land was a part of the seller's covenant, the purchasers were bound to accept a tender of a deed for the ten acres including the use but not fee simple title to the private road. The crux of the court's decision was that "There was no description of the land sold to be found in the contract except as the description in the deed from the Dollar Savings Bank to O'Donnell was adopted and thereby practically incorporated into it. Without this the land could not have been identified".

On the other hand we are unable to agree that the present case is ruled by *Geyer v. Walton et al.*, 151 Pa. Superior Ct. 549, 30 A. 2d 643, on which appellant heavily leans in contending for a reversal of the judgment. By the terms of the contract in that case the

sellers obligated themselves "to convey good and marketable title . . . clear of all encumbrances . . . easements and servitudes". The agreement referred to the premises to be conveyed as: "All that certain farm and messuage and tract of land in Worcester Township, Montgomery County, Pa., Containing 29¾ . . . Acres of land more or less adjoining lands of Phillip Erban and others". Written in ink below the above typewritten description, this notation appears: "Recorded in Deed Book No. 410, Page 201". That was a record of an old deed in the chain of title which showed a *then* existing easement of a water right in favor of an adjoining owner. In holding that the purchaser was not obliged under his agreement to take the land subject to that easement we said: ". . . from the typewritten description alone the identity of the farm was readily ascertainable and in fact was well known to the parties. The record does not disclose any difficulty in locating it. There was no indication in the agreement that it covered 'the same property described in the deed' or that the deed was used in lieu of a description in the agreement as in the Heppenstall case".

The Geyer case is distinguishable from the present case in this important respect. There the contract made no reference to any outstanding interest of a third party in the land to be sold. Accordingly the purchaser was not chargeable with notice of an easement, referred to in an old deed, but could rely on the covenant of the seller to convey free of all encumbrances. Here, on the contrary, the sales agreement refers specifically to an existing right-of-way in the Power Company.

In general a *right-of-way* is merely an easement (*Kieffer v. Imhoff*, 26 Pa. 438; *Western Pennsylvania Railroad Co. v. Johnston*, 59 Pa. 290) though not necessarily so. 37 Words and Phrases 658; *Kansas City, M. & O. Ry. Co. v. Littler*, 70 Kan. 556, 79 Pac. 114; *Nesral Production Co. v. St. Louis, B. & M. Ry. Co.*,

—— Tex. ——, 84 S.W. 2d 805. A right-of-way may consist either of the fee or merely of an easement of passage. and use, and whether the one or the other is intended in a particular instance must be determined by the agreement as a whole. *Arkansas Improvement Co. v. Kansas City So. Ry. Co.*, 189 La. 921, 181 So. 445.

- The Power Company's extensive structural steel towers, several hundred feet high, carrying its transmission lines over the strip of land in question, strongly indicated that its occupancy was by virtue of a grant and, coupled with the reference to the right-of-way in the articles of the agreement, put appellant on inquiry as to the exact nature and extent of the Power Company's interest in the land, whether a grant in fee or of a less estate. Appellant, under the circumstances was chargeable with notice of what inquiry would have disclosed, namely, that the "right-of-way" referred to in the agreement identified the strip of land owned by the Power Company in fee.

Judgment affirmed.