Palmer, Appellant, *v.* Philadelphia Suburban Transportation Company.

Argued March 19, 1953.   Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Daniel Marcu,* with him *Holl, Taylor & Holl,* for appellants.

*Theodore Smithers,* with him *Chadwick, Curran, Petrikin & Smithers,* for appellee.

OPINION BY GUNTHER, J., July 14, 1953:

Plaintiffs brought this action in trespass against defendant under the Act of June 24, 1939, P. L. 872, §935, 18 P.S. §4935, to recover damages for defendant's willful, negligent and malicious cutting down of trees on plaintiffs' land. At the trial the facts brought out were as follows: The defendant, Philadelphia Suburban Transportation Company, was granted a forty-foot strip of land in fee in Nether Providence Township as part of its railway line from Media to Sixty-Ninth Street, Upper Darby, in Delaware County. The plaintiffs' property which abuts the defendant's right of way forms an embankment about twenty-five feet high at the place involved in this case. Upon this embankment, there grew nine trees, which were cut and destroyed by the defendant Company, without permission from the plaintiffs, but pursuant to its duty to maintain safe service. The deed to the Transportation Company, appellee, contains, inter alia, the right to use and occupy such additional land adjoining its right of way as is required to construct and maintain the slopes on the property outside the right of way. The defendant maintains that the embankment is part of the right of way and to keep up the efficient operation of its lines, it was necessary to cut down the trees. Plaintiffs on the other hand contend that the Trans-

portation Company holds only a license in the embankment beyond the forty feet limit and must show that cutting the trees was necessary to its maintenance. The case was tried before Judge SWENEY of Delaware County and resulted in a jury verdict in favor of appellants. Defendant filed a motion for a new trial and judgment n.o.v.; but the court below granted only the motion for judgment n.o.v. and directed that judgment be entered in favor of the defendant. This is an appeal from the action of the court below.

The question to be determined is the extent of the right of way granted to appellee. We cannot agree with the position taken by the plaintiff. *Graybill v. Hassel,* 167 Pa. Superior Ct. 284, 74 A. 2d 686. A railway normally has a right of way to the top of cuts and to the foot of hills or embankments. *Rodgers v. Pittsburgh, Fort Wayne & Chicago Railway Company,* 255 Pa. 462, 100 A. 271; *Borough of Aliquippa v. The Pittsburgh & Lake Erie Railroad Company,* 94 Pa. Superior Ct. 279. Plaintiffs, however, argue that if the grantor had intended to give the railway the land comprising the slope, he would have done so. This, in our opinion, is exactly what was done. It is true that the deed intended to limit the railway to forty feet for tracks, wire, rails and poles, but it also intended to widen the area for cuts and fills as required under the circumstances. Defendant's right of way therefore extends to include the area on which trees were standing. The case cited by the plaintiffs, *Hendler v. Lehigh Valley Railroad Company,* 209 Pa. 256, 58 A. 486, was overruled by *Hall v. Delaware, Lackawanna & Western Railroad Co.,* 270 Pa. 468, 113 A. 669. If the defendant has the right to use and occupy such additional land as shall be required to construct and maintain the slopes of cuts and is entitled to use the embankment, it has the right

to cut down the trees, if in its opinion, they interfere with efficient operation. *Pennsylvania Railroad Company v. Guthrie,* 66 Pa. Superior Ct. 470. The embankments are necessary appurtenances to the tracks and are a part and parcel of the defendant's right of way, subject only to the limitation that they be utilized for the purposes for which they were constructed. We hold that these trees were within the extended right of way and the defendant had the right and power to fell them without liability to the plaintiffs.

Judgment affirmed.